19 F.3d 1441
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roberto SEGURA, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 92-56090.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 3, 1994.
Decided March 18, 1994.
 
 Before: TANG, PREGERSON, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant, Roberto Segura, appeals the order of the district court affirming the final decision of the Secretary of Health and Human Services denying supplemental security income ("SSI") disability benefits. The district court found substantial evidence in the record to support the administrative law judge's ("ALJ") finding that Mr. Segura was not disabled and not entitled to the benefits he seeks. Mr. Segura's primary contentions are that the ALJ's decision lacks substantial evidence, and that the ALJ erred by disregarding the opinion of an examining physician. We reverse and award Mr. Segura his benefits.
 
 BACKGROUND
 
 3
 Mr. Segura was four months shy of his 60th birthday and unemployed at the time of the ALJ's adjudication. He has a sixth grade education and has worked as an unskilled field laborer. Mr. Segura claimed eligibility based on an injury sustained in a fall from a ladder in October 1988. These facts are not in dispute. The sole basis for denying Mr. Segura SSI benefits was the ALJ's determination that he was not sufficiently impaired.
 
 
 4
 The Social Security Administration ("SSA") follows a five-step sequential evaluation process for determining whether a claimant is disabled. The steps require an ALJ to determine, sequentially, whether (1) the claimant is currently employed, (2) the claimant is severely impaired, (3) the impairment meets the listing of impairments, (4) the impairment prevents past relevant work, and (5) the impairment prevents other work. 20 CFR Sec. 416.920(a) (1993). The ALJ presumably found that Mr. Segura was unemployed, and therefore that he met the first step of the five step process. The ALJ also determined, however, that Mr. Segura failed to establish the existence of a severe impairment that either limited his work performance or his ability to return to his work as a field-hand. This finding negated steps 2, 4, and 5 from the ALJ's analysis.
 
 
 5
 The ALJ reached his conclusion that Mr. Segura failed to establish the existence of a severe impairment by disregarding the conclusions of Dr. Bennett, the examining physician engaged by SSA to evaluate Mr. Segura, and also by discounting Mr. Segura's own testimony. The key passage in Doctor Bennett's report is that "the patient is able to walk for one hour per day. He may bend only occasionally. He can sit for six hours per day.... He is able to lift 20 pounds occasionally and carry 20 bounds occasionally." Dr. Bennett's conclusions, if credited, would have qualified Mr. Segura for SSI benefits based on disability. The only medical information in the record other than Dr. Bennett's report was the report of a treating physician who saw Mr. Segura twice in early 1990. This second report is mostly illegible, and to the extent it can be read it fails to contradict Dr. Bennett's report.
 
 DISCUSSION
 A.
 
 6
 In most of the reported cases discussing the weight an ALJ must give to medical testimony, the medical evidence is contradictory, and the ALJ must therefore chose among competing theories. In such cases, we have established that the ALJ must accept the opinion of a treating physician over an examining physician unless the ALJ sets forth specific, legitimate, reasons for doing otherwise, based on substantial evidence in the record. Magdallenes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989). In those few cases where an ALJ has disregarded the uncontroverted opinion of a treating physician, we have required the ALJ to present "clear and convincing reasons for doing so." Id.
 
 
 7
 In the present case, it is the examining physician who presented uncontroverted testimony. Nevertheless, we believe that the clear and convincing standard is appropriate, as well, where the ALJ has disregarded such testimony. After all, claimants are often required by SSA to submit to such examinations, and it is the Government itself that has commissioned the doctor to provide an opinion. It should therefore be the Government's responsibility to ensure the credibility, completeness, and quality of the resulting reports.
 
 
 8
 Returning focus to the instant case, the ALJ's stated reasons for disregarding the examining physician's opinion are largely limited to his own re-interpretation of the data included in Dr. Bennett's report. The ALJ complained that Dr. Bennett's "fanciful" conclusions were not based on objective findings in the record, that based on the results of Dr. Bennett's tests--as the ALJ read them--Mr. Segura's complaints were unjustified. The only information pointed to by the ALJ, which was not also available to Dr. Bennett, was that Mr. Segura's accident occurred in October 1988 rather than, as Dr. Bennett reported, in August 1989 when Mr. Segura stopped working.
 
 
 9
 These stated grounds are not clear and convincing reasons to disbelieve Dr. Bennett's testimony, nor are they specific, legitimate, and based on substantial evidence. To accept the ALJ's opinion, we must believe either that the ALJ is more competent to review the tests conducted by Dr. Bennett than is Dr. Bennett, or that the Government doctor gullibly accepted and parroted Mr. Segura's own estimation of his capabilities without making any independent observations. It is notable that X-rays, taken on August 10, 1990, corroborated Dr. Bennett's findings and Mr. Segura's complaints to the extent that they indicated some disk and mid and lower thoracic spine degeneration resulting from a back injury. The X-rays also reveal that Mr. Segura suffered from moderately advanced osteoporosis. We find it remarkable that the Appeals Council found this evidence irrelevant, inasmuch as the ALJ based much of his credibility findings on the absence of any objective evidence of a lingering injury.
 
 B.
 
 10
 "[I]f an ALJ has grounds for disbelieving material testimony, it is both reasonable and desirable to require the ALJ to articulate those grounds in the original decision." Ceguerra v. Secretary of Health and Human Services, 933 F.2d 735, 740 (9th Cir.1991). Therefore, we reverse rather than remand whenever the record is sufficiently complete to make a determination of eligibility. See Id. at 740-741 (reversing the ALJ's decision where there was no need to further develop factual record to determine eligibility); see also Varney, 859 F.2d 1396 (reversal of ALJ's ruling appropriate where record fully developed); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir.1988) (awarding benefits where ALJ gave insufficient reasons for disregarding treating physician's testimony).
 
 
 11
 In the present case, the decision whether to reverse or remand turns on whether crediting Dr. Bennett's testimony develops the record sufficiently to allow a proper determination of eligibility. Looking once again at the SSA's five-step procedure for determining disability, it is undisputed that Mr. Segura was unemployed at the time of his adjudication (step 1). A severe impairment (step 2) is one which significantly limits the claimant's physical or mental ability to do basic work activities. 20 CFR Sec. 416.920(c). An impairment severe enough to prevent a claimant from returning to previous relevant work satisfies this requirement. 20 CFR Sec. 416.920(e). Dr. Bennett's report relates his opinion that Mr. Segura is limited to lifting 20 pounds and to walking one hour per day. His only previous experience as a field worker required him to lift 25 pounds and to walk extensively. The record, therefore, supports Mr. Segura's contentions that he could not return to his previous relevant work and that he should be considered severely impaired (steps 2 and 4).
 
 
 12
 Finally, Dr. Bennett's report fits Mr. Segura securely within the Medical-Vocational Guidelines ("grids") developed by SSA to determine whether a claimant is able to do work other than that which was previously performed (steps 3 and 5). The grids combine the statutory factors for determining disability: physical ability; age; education; and work experience. Applying the regulatory definitions to the undisputed facts and those provided by Dr. Bennett's report, we find that Mr. Segura is limited to "light" or "sedentary" work. See 20 CFR Sec. 416.967(a) and (b) ("light work involves lifting no more than 20 pounds at a time ... [and/or] a good deal of walking or standing"). He is of "advanced age," see 20 CFR Sec. 416.963(d) (anything over 55 years old), with "marginal education," see 20 CFR Sec. 416.964(b)(2) (a 6th grade education or less), and with only "unskilled" previous work experience see 20 CFR Sec. 416.968(a) (defining unskilled work). Based on these factors, Mr. Segura is disabled. See 20 CFR Pt. 404 Subpt. P, App. 2 Sec. 202.00.
 
 CONCLUSION
 
 13
 We find the ALJ's reasons for discrediting Dr. Bennett's opinion inadequate. We also find that Dr. Bennett's report develops the record sufficiently to allow a proper determination of Mr. Segura's eligibility for benefits. Our careful review of the record, in light of Dr. Bennett's report, convinces us that Mr. Segura is disabled. Accordingly, the decisions of the ALJ and district court are REVERSED and Mr. Segura is awarded his benefits.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3