**Betty L. VARNEY, Plaintiff–Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant–Appellee.**

No. 87–6075.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 11, 1987 [*].

Decided Oct. 21, 1988.

·Steven L. Whiteside, Law Offices of Edmund Parent, Santa Barbara, Cal., for plaintiff-appellant.

Nancy E. Wever, Asst. Regional Counsel, Dept. of Health and Human Services, San Francisco, Cal., for defendant-appellee.

Before BROWNING, HUG and REINHARDT, Circuit Judges.

[*] The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

REINHARDT, Circuit Judge:

In our first opinion in this case, *Varney v. Secretary of Health and Human Services*, 846 F.2d 581 (9th Cir.1988) (*"Varney I"*), we reversed the denial of Betty Varney's application for social security disability benefits, and remanded her claim for further proceedings. Varney now presents us with a petition for rehearing in which she asks that we reconsider our remand order, adopt a rule followed by the Eleventh Circuit, and modify our order so as to require the immediate payment of benefits. We find Varney's argument both important enough to consider for the first time on rehearing, and in most respects persuasive. Accordingly we grant her petition for rehearing and award her the modified relief she now seeks.

## I. *Summary of Prior Proceedings*

The claimant, Betty Varney, applied for social security disability benefits on the basis of heart disease, the aftereffects of two heart attacks and cardiac bypass surgery, hypertension, headaches, and chronic back and neck strain. At the hearing on her application, she testified extensively regarding the severity of her pain. *Varney I*, 846 F.2d at 582. According to the testimony of the vocational expert, if Varney actually experienced the pain she described, she would be unable to work; thus, if her testimony were believed, Varney would clearly be entitled to benefits. However, the Administrative Law Judge ("ALJ") found Varney's pain testimony not credible and denied her application for benefits. Varney appealed the ALJ's decision to the district court, which granted summary judgment for the Secretary. *Id.* at 583.

On appeal, Varney argued to this court that the Secretary committed legal error by failing to give specific reasons for discrediting her pain testimony, and we agreed. Our prior cases have held that, while the Secretary may choose to disregard or discredit excess pain testimony,[1] the decision to do so must be supported by specific

findings. *Id.* at 584; *Gamer v. Secretary of Health and Human Services*, 815 F.2d 1275, 1279 (9th Cir.1987); *Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir.1986). Because the ALJ's finding as to Varney's pain testimony did not meet our standard, we granted Varney the relief she requested: a remand for further proceedings. *Varney I*, 846 F.2d at 584.

Varney then submitted a petition for rehearing, asking for the first time that we remand her claim with instructions directing the immediate payment of benefits. She urges us to adopt the rule of the Eleventh Circuit under which, if the Secretary's reasons for disbelieving pain testimony are inadequate, the testimony is held to have been accepted as true. She further argues that no purpose would be served by additional administrative proceedings. Before turning to the merits of these arguments, we must determine whether they may be raised for the first time in a petition for rehearing.

## II. *Raising Issues in a Petition for Rehearing*

■ As a general rule, we will not consider issues that a party raises for the first time in a petition for rehearing. *Escobar Ruiz v. Immigration and Naturalization Service*, 813 F.2d 283, 285–86 (9th Cir. 1987). We recognize an exception, however, for cases involving extraordinary circumstances. *Id.* at 286. In *Escobar Ruiz*, for example, we granted rehearing in order to allow the government to make an argument it had not initially raised. We noted that our initial decision was the first to consider the question whether the Equal Access to Justice Act applies to immigration proceedings, and that numerous claims would be made in reliance on that decision. We said that allowing an incorrect statutory interpretation to stand as controlling precedent "would constitute a disservice to all parties concerned." *Id.* We also observed that the government's failure to

---

**1.** "Excess pain" is pain that is not supported by objective medical evidence. *Varney I*, 846 F.2d

at 584.

raise the issue initially was due to inadvertence or negligence, not willfulness. *Id.*

Admittedly we face a different situation here. The petitioner does not claim that our initial opinion was incorrect; nor is this a problem of statutory interpretation or a question of first impression. Nevertheless, this case also represents a "special situation" warranting reconsideration. *See id.* The issue raised by the petitioner is a pure question of law. Moreover, it is an important issue of more than limited applicability; its resolution is certain to affect a number of social security claimants, at least some of whom may now be experiencing unwarranted difficulties in the application process. We also note that the petitioner has alleged improper delay on the part of the Social Security Administration in awarding benefits to deserving claimants. It has already been well over five years since Varney herself initially applied for benefits, and her situation is not atypical. Applicants for disability benefits generally suffer from crippling conditions that preclude them from earning a living wage; they often have no other source of income and can experience tremendous financial difficulties while awaiting the outcome of their appeals and proceedings on remand. *See Lopez v. Heckler,* 713 F.2d 1432, 1437 (9th Cir.1983). If Varney is indeed eligible for disability benefits, there is no way to cure the deprivation she has already suffered as a result of the agency's denial of her application. *See id.* We have no wish to further delay the payment of deserved and much-needed benefits, to Varney or to others in her situation, by declining to resolve this issue now.

Finally, as in *Escobar Ruiz,* we see no indication that the petitioner's failure to raise this issue initially was willful. In short, we find this issue to be sufficiently urgent to warrant initial consideration on rehearing under the "extraordinary circumstances" exception.

### III. *Discussion of the Merits*

#### A.

The rule in the Eleventh Circuit is that, "if the Secretary fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Secretary, as a matter of law, has accepted that testimony as true." *Hale v. Bowen,* 831 F.2d 1007, 1012 (11th Cir.1987); *see also MacGregor v. Bowen,* 786 F.2d 1050, 1054 (11th Cir.1986).

We have never before considered the merits of this rule. We have, however, repeatedly emphasized the important role pain testimony should play in the disability determination process, as well as the "highly idiosyncratic" nature of pain itself. *Howard v. Heckler,* 782 F.2d 1484, 1488 (9th Cir.1986); *see Cotton,* 799 F.2d at 1407. In order to ensure that subjective pain testimony is accorded proper weight, and to allow us to properly perform our function of reviewing administrative decisionmaking, we require the ALJs to put forward *specific reasons* for discrediting a claimant's excess pain testimony. *Varney I,* 846 F.2d at 584; *Gamer,* 815 F.2d at 1279; *Green v. Heckler,* 803 F.2d 528, 532 (9th Cir.1986); *Cotton,* 799 F.2d at 1407.

We believe the Eleventh Circuit rule promotes the objectives we have identified in prior disability cases. Requiring the ALJs to specify any factors discrediting a claimant at the first opportunity helps to improve the performance of the ALJs by discouraging them from "reach[ing] a conclusion first, and then attempt[ing] to justify it by ignoring competent evidence in the record that suggests an opposite result." *Gallant v. Heckler,* 753 F.2d 1450, 1456 (9th Cir.1984). It helps to ensure that pain testimony will be carefully assessed and its importance recognized. *See Howard,* 782 F.2d at 1488. Moreover, it avoids unnecessary duplication in the administrative hearings and reduces the administrative burden caused by requiring multiple proceedings in the same case.

Perhaps most important, by ensuring that credible claimants' testimony is accepted the first time around, the rule reduces the "delay and uncertainty" often found in this area of the law, *see Murray v. Heckler,* 722 F.2d 499, 502 (9th Cir.1983) (citation omitted), and ensures that deserving claimants will receive benefits as soon as

possible. As already noted, applicants for disability benefits often suffer from painful and debilitating conditions, as well as severe economic hardship. Delaying the payment of benefits by requiring multiple administrative proceedings that are duplicative and unnecessary only serves to cause the applicant further damage—financial, medical, and emotional. Such damage can never be remedied. *See Lopez,* 713 F.2d at 1437. Without endangering the integrity of the disability determination process, a principal goal of that process must be the speedy resolution of disability applicants' claims. The Eleventh Circuit rule advances that goal.

At the same time, the rule does not unduly burden the ALJs, nor should it result in the wrongful award of benefits. Certainly there may exist valid grounds on which to discredit a claimant's pain testimony, and we have upheld such findings if properly made. *See, e.g., Miller v. Heckler,* 770 F.2d 845, 849 (9th Cir.1985); *Taylor v. Heckler,* 765 F.2d 872, 876 (9th Cir. 1985). Where a claimant's allegations of pain are untruthful, the ALJ remains free under the Eleventh Circuit rule to make a specific and justifiable finding to that effect and to take that finding into account in making the determination of disability. But if grounds for such a finding exist, it is both reasonable and desirable to require the ALJ to articulate them in the original decision.

We conclude that the Eleventh Circuit rule has merit. However, before deciding whether to adopt it, and in what circumstances it might apply, we will review our prior decisions in the area.

### B.

In a number of cases, we have found the ALJ's findings regarding the claimant's excess pain testimony to be insufficient. Our disposition of these cases has varied according to the contents of the administrative record.[2] "The decision whether to remand the case for additional evidence or simply to award benefits is within the dis-

cretion of the court." *Stone v. Heckler,* 761 F.2d 530, 533 (9th Cir.1985). Generally, we direct the award of benefits in cases where no useful purpose would be served by further administrative proceedings, *Kornock v. Harris,* 648 F.2d 525, 527 (9th Cir.1980), or where the record has been thoroughly developed. *Hoffman v. Heckler,* 785 F.2d 1423, 1425 (9th Cir.1986). Where remand would unnecessarily delay the receipt of benefits, judgment for the claimant is appropriate. *Bilby v. Schweiker,* 762 F.2d 716, 719 (9th Cir.1985).

In two cases—*Gamer* and *Cotton*—we have held that the ALJ's findings as to the claimant's excess pain testimony did not meet our standard of specificity and remanded for further proceedings, including specific findings as to the pain testimony. However, in *Gamer,* the ALJ had asked the vocational expert hypothetical questions that did not properly reflect all of the claimant's limitations; the vocational expert's testimony therefore had no evidentiary value. 815 F.2d at 1280; *see Varney I,* 846 F.2d at 585; *Gallant,* 753 F.2d at 1456. Because the claimant's attorney had failed to ask the appropriate hypothetical questions on cross-examination, *Gamer,* 815 F.2d at 1280, there was *no* evidence in the record as to the jobs available for a person with the claimant's limitations. We held that a new hearing was required in order to develop the record thoroughly.

Similarly, in *Cotton,* we noted that, according to the claimant's testimony, she could not perform a wide range of light work. 799 F.2d at 1408 n. 5. However, the record did not include *any* evidence as to whether a claimant with Cotton's limitations could perform other (i.e., sedentary) work. Therefore we held that further proceedings were necessary.

On the other hand, we have entered judgment for the claimant in at least one excess pain case where we found the record to be sufficiently developed. In *Gallant,* we held that the ALJ had not provided clear and convincing reasons for rejecting the

---

**2.** For purposes of this section of our opinion, "administrative record" refers to the evidence on which the ALJ relied and does not include the ALJ's decision itself.

claimant's testimony regarding his back pain. 753 F.2d at 1455. We said the vocational expert's testimony could not support the ALJ's decision because the hypothetical question asked by the ALJ had not reflected all of the claimant's impairments. *Id.* at 1456. However, we then noted that, on cross-examination, the expert testified that "if the claimant in fact suffered from constant, severe pain, it would preclude him from all work activity." *Id.* Thus, in *Gallant* the record was adequate, and we held that a remand for further proceedings was not necessary. *Id.* at 1457.

Similarly, in a recent decision, we held that the ALJ erred by not giving specific reasons for disregarding the opinion of a treating physician. *Winans v. Bowen,* 853 F.2d 643, 647 (9th Cir.1988). The evaluations of the Secretary's examining physicians had differed from that of the treating physician; thus, the ALJ was required to make a credibility determination. *See id.* at 647. We equated the absence of specific reasons for disbelieving the treating physician with the absence of substantial evidence supporting the ALJ's decision. *Id.* at 647. Rather than remand for further proceedings, we accepted the treating physician's opinion and ordered the payment of benefits. *Id.; see also Sprague v. Bowen,* 812 F.2d 1226 (9th Cir.1987) (awarding benefits where no legitimate reasons were given for disregarding the physician's opinion and substantial evidence did not support the Secretary's decision).

Thus, in *Gamer* and *Cotton,* the existing administrative record did not make the outcome of the disability determination process clear. Further proceedings were necessary in order to develop a sufficient record. Being required to remand for that purpose, we also gave the ALJ the opportunity to make specific findings regarding the claimant's pain testimony. However, in *Gallant* as well as in cases such as *Winans* and *Sprague,* where the contents of the record were already complete and dispositive, we declined to remand *solely* in order to allow the ALJ to make specific findings.

The case before us is like *Gallant, Winans,* and *Sprague* in that no further proceedings are necessary to develop the administrative record. As in *Gamer* and *Gallant,* the ALJ here relied on the testimony of a vocational expert, testimony that we concluded had no evidentiary value. *Varney I,* 846 F.2d at 585. But as we observed in our initial opinion, "Varney's attorney followed the procedure we suggested in *Gamer* and amended the hypothetical question" to reflect Varney's limitations. In response, "the vocational expert indicated that such an individual would *not* be able to perform any of the jobs the expert had previously specified in response to the ALJ's hypothetical." *Id.* This is precisely what occurred in *Gallant.* Thus, if Varney's testimony as to her limitations were accepted as true, the vocational expert's testimony would establish as it did in *Gallant* that she is unable to work. The only reason to remand for further administrative proceedings would be to allow the ALJ to make specific findings.[3] Although we have not referred previously to the Eleventh Circuit's rule, we, like the Eleventh Circuit, have regarded that reason as insufficient, in itself, to warrant further proceedings. *See Winans,* at 647; *Sprague,* 812 F.2d at 1232.[4]

**3.** In *Varney I,* we also remanded for specific findings regarding the side effects of Varney's medications. 846 F.2d at 585–86. Such findings might have provided an additional ground on which to award Varney benefits. However, if we now accept Varney's testimony as true, it is clear from the record that the ALJ would have been required to award her benefits. Therefore, the findings on side effects would not be necessary to the proper disposition of her claim.

**4.** In *Hale,* the Eleventh Circuit noted that the vocational expert had testified that if Hale's testimony were true, Hale could not perform any of her past jobs and there were no jobs in significant numbers in the national economy that she could perform. 831 F.2d at 1012. Thus, taking Hale's testimony as true, the record established that she was disabled; the court therefore awarded Hale benefits. *Id.* Similarly, in *MacGregor,* the court noted that when the vocational expert considered the claimant's testimony on pain and other limitations (which, the court held, stood "unrefuted in the record"), he stated that "there would not be significant sedentary jobs available that claimant could per-

### C.

For the reasons we have already discussed, we believe the Eleventh Circuit rule is a salutory one that promotes the objectives of the Social Security Act. 42 U.S.C. §§ 401–431 (1982). Among the most persuasive arguments supporting the rule is the need to expedite disability claims. Having reviewed our prior dispositions, we find no reason not to follow the Eleventh Circuit's practice in this case. As we have noted, whether or not to credit Varney's testimony is the only issue remaining in the case. Because the record is thoroughly developed, there is no need to remand for further proceedings. We note, however, that we need not decide on this appeal whether to apply the Eleventh Circuit rule where further proceedings are required for other reasons. That case is not before us.

▊ We therefore hold as follows. In cases where there are no outstanding issues that must be resolved before a proper disability determination can be made, and where it is clear from the administrative record that the ALJ would be required to award benefits if the claimant's excess pain testimony were credited, we will not remand solely to allow the ALJ to make specific findings regarding that testimony. Rather, we will follow the Eleventh Circuit's practice and take that testimony to be established as true. *See Hale*, 831 F.2d at 1012.[5] We reserve judgment as to whether to follow the Eleventh Circuit rule in cases in which a remand is required for other reasons until a case presenting that issue is before us.

In this case, we have already held that the ALJ's failure to make proper findings

discrediting Varney's excess pain testimony requires us to reverse his decision. *Varney I*, 846 F.2d at 584. Accepting Varney's pain testimony as true, the vocational expert's testimony establishes that she cannot work and is entitled to disability benefits. We therefore remand for the award of such benefits.

### IV. *Conclusion*

We grant Varney's petition for rehearing and remand with instructions to remand to the Secretary for the immediate payment of benefits.

**REVERSED AND REMANDED.**

---

form." 786 F.2d at 1054. The court concluded, "Since this was the only evidence in the record on the availability of jobs, we hold that there is no substantial evidence to support the Secretary's claim to have shown specific jobs that the claimant can perform"; the court therefore awarded benefits to the claimant. *Id.* at 1054–55.

5. The Eleventh Circuit also holds that pain testimony is accepted as true if the Secretary gives specific reasons for rejecting it but those reasons are not supported by substantial evidence. *Hale*, 831 F.2d at 1012. In addition, it applies the rule to the testimony of treating physicians. That is, "[w]here the Secretary has ignored or

failed properly to refute a treating physician's testimony, we hold as a matter of law that he has accepted it as true." *MacGregor*, 786 F.2d at 1053. While these rules also appear sensible and salutory, we need not decide here whether to adopt them, although *Winans* appears, without referring to the Eleventh Circuit rule, to have reached the same result with respect to the treating physician issue.