12 F.3d 1108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jean M. RINGLE, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
** Defendant-Appellee.
 No. 92-35224.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1993.*
Decided Nov. 17, 1993.
 
 Before: TANG, FARRIS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Jean Ringle appeals the district court's grant of summary judgment affirming the Secretary of Health and Human Service's decision denying Ringle's application for Title II disability insurance benefits. The Administrative Law Judge (ALJ) found that Ringle was not disabled because she was able to perform her past relevant work as a teacher. We have jurisdiction, 28 U.S.C. Sec. 1291, and we reverse.
 
 
 3
 * Ringle argues that the ALJ erred in rejecting the opinions of Drs. Ruark and Gilman that she was disabled. To disregard the opinion of a treating physician, the ALJ must provide clear and convincing reasons. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989). The ALJ gave two reasons for rejecting the doctors' opinions. First, they were given well after the expiration of Ringle's insured status, and were inconsistent with the doctors' own medical notes. Second, their medical conclusions were based almost entirely on Ringle's subjective complaints of pain, rather than any objective, clinical findings. We do not find these reasons convincing in light of the evidence in the record.
 
 
 4
 The ALJ points to inconsistencies that are not really there. The notes that the ALJ attributes to Dr. Gilman were actually made by Ringle's physical therapist. In fact, the record contains no notes from Dr. Gilman during the period Ringle was insured. The medical reports from the relevant period come from Drs. Toribara, Hinnen, Leachman, Carey, Heick, and Berndt. They indicate that Ringle was complaining of chronic pain, stiffness, fatigue, sleep disturbances, memory problems, and depression. Beginning in February 1985, she was treated for a frozen shoulder. All of these symptoms are compatible with fibromyalgia, which Dr. Berndt diagnosed in 1987. Although some of the medical reports indicate normal strength and range of motion, these findings are also consistent with a diagnosis of fibromyalgia, which is difficult to detect with medical testing.
 
 
 5
 In short, the evidence establishes that prior to Ringle's last insured date, she was suffering from a number of impairments, including glaucoma, congenital absence of a finger on her right hand, kyphosis scoliosis, estrogen deficiency, chronic fatigue syndrome, and fibromyalgia. None of the medical notes from this period contradicts the opinions of Drs. Gilman and Ruark.
 
 
 6
 Ringle also argues that the ALJ improperly rejected her subjective complaints of pain. A claimant's subjective allegations of disabling pain must be supported by clinical or laboratory evidence of an underlying condition that could reasonably be expected to produce pain. 42 U.S.C. Sec. 423(d)(5)(A). The claimant need not produce medical evidence supporting the severity of the pain, only its likely existence. Bunnell v. Sullivan, 947 F.2d 341, 347-48 (9th Cir.1991) (en banc). If the ALJ finds the claimant's allegations of excess pain are not credible, he must make specific findings supported by the record. Id. at 345-46.
 
 
 7
 The medical evidence shows the existence of fibromyalgia prior to the expiration of Ringle's insured status. Thus, the ALJ could not reject her allegations of disabling pain without making specific findings. He first stated that none of the medical notes made during Ringle's insured period provided objective medical evidence that her impairment was as severe as her testimony at the hearing indicated. This is precisely the type of evidence that is not required after Bunnell. In fact, Ringle's complaints of pain, depression, and memory impairment are well documented in the medical records, and they are consistent with the general symptoms of fibromyalgia.
 
 
 8
 The ALJ also found that Ringle's complaints of pain were inconsistent with her daily lifestyle, particularly her continued participation in horseback riding. However, both of her treating physicians considered dressage riding to be therapeutic, and encouraged her to continue this activity. The evidence suggests that riding has helped Ringle's scoliosis by improving her posture. In addition, the ALJ ignored the fact that Ringle must use a mounting block to hoist herself on the horse and needs her husband to tend to the horse before and after she rides.
 
 
 9
 The ALJ also mischaracterized the nature of Ringle's other daily activities. Her work in the garden consists of pulling a few weeds while sitting on the edge of the planters. She does some light cleaning and most of the cooking, but her husband does all of the heavy household work and grocery shopping. Ringle testified that occasionally she must shop for gifts and clothes, but she always suffers for it afterward with soreness in her hip and lower back areas. Her daily activities are consistent with the physical limitations described by her doctors. Therefore, the ALJ has failed to provide adequate reasons for rejecting Ringle's allegations of pain.
 
 
 10
 Finally, the ALJ erred in assessing Ringle's residual functional capacity. The vocational expert testified that Ringle's skills were not transferrable outside of the educational field. Thus, to be ineligible for disability benefits, Ringle had to be capable of performing her past relevant work as a teacher.
 
 
 11
 The ALJ found that as of her last insured date, Ringle was capable of performing all work-related activities except for heavy lifting or carrying. This finding contradicts the opinion of Dr. Gilman, who stated that Ringle cannot sit for more than one hour at a time, or stand for more than 15-30 minutes at a time. The restrictions given by Dr. Gilman are not consistent with the physical exertion requirements of teaching, which is classified as light work. The ALJ simply assumed that Ringle's former teaching job allowed for equal amounts of sitting, standing, and walking. This assumption is unsupported by the record. Ringle testified that the majority of a teacher's time is spent standing in front of the blackboard. Her testimony is consistent with Social Security Ruling 83-10, which interprets light work as requiring the ability to be on one's feet for at least six hours in an eight-hour shift. The ALJ did not ask the vocational expert about the exertion requirements of teaching. His determination of Ringle's residual functional capacity is not supported by substantial evidence.
 
 II
 
 12
 The ALJ's failure to provide clear and voncincing reasons for rejecting the treating physicians' opinions of disability requires reversal. Ringle urges us to direct an award of benefits without remanding for further proceedings. The decision to remand or simply award benefits is within the discretion of the court. Varney v. Secretary of Health & Human Servs., 859 F.2d 1396, 1399 (9th Cir.1988). We will generally direct an award of benefits where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed. Id.
 
 
 13
 We find that an award of benefits is appropriate in this case. The record establishes that Ringle became disabled on or before the end of 1987. Because she did not apply for benefits until December 1988, the earliest month that benefits could be paid would be December 1987, assuming she became disabled on or before July 1, 1987. See 42 U.S.C. Sec. 423(a)(1), (c)(2). We therefore find that Ringle was disabled as of February 1987, the time she was diagnosed with fibromyalgia.
 
 
 14
 Because we find it unnecessary to remand for further administrative proceedings, we need not address Ringle's request that the district court retain jurisdiction on remand.
 
 
 15
 REVERSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Donna E. Shalala has been substituted for Louis W. Sullivan pursuant to Rule 43(c)(1) of the Federal Rules of Appellate Procedure
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3