50 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mitchell L. WATSON, Plaintiff-Appellant,
v.
Donna W. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-35762.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 6, 1995.*
Decided March 15, 1995.
 
 Before: HALL, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mitchell Watson appeals the district court's decision (which reversed the Secretary's denial of SSI disability benefits due to inadequacy of vocational testimony, but remanded for further proceedings), contending that it abused its discretion by not ordering an award of benefits. We have jurisdiction, 28 U.S.C. Sec. 1291; Sullivan v. Finkelstein, 496 U.S. 617 (1990), and affirm the district court.
 
 
 3
 * Watson asserts that it was legal error for the ALJ to conclude on the basis of the testimony of Drs. Noparstak, Maltby, and Moser, aided by the testimony of the vocational expert, that there was work that Watson could perform. Watson argues that Noparstak's testimony was not properly discredited, and that his testimony compels a conclusion that Watson was disabled. This turns on the adequacy of Maltby's testimony to rebut Noparstak's opinion that Watson was disabled as of 1975. From January 2, 1975, through March 4, 1983, Watson went to Maltby for treatment. As such, during that period he was a treating physician, whose testimony is entitled to extra weight because he is employed to cure and has a greater opportunity to observe the patient as an individual. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989).
 
 
 4
 Watson argues that since there was no contradictory opinion as to Watson's disability after March 4, 1983, from that time on Dr. Noparstak's opinion had to be credited. We disagree. The ALJ specifically found that during the eight years of treatment, Dr. Maltby's opinion was entitled to more weight. Further, during the first four years, the ALJ could not possibly have found him disabled, as--despite Noparstak's opinion that he was "100% disabled"--Watson was working. Noparstak's testimony suggested a single status of disability over a long period of time prior to his treating Watson. Once the ALJ discredited that testimony as to an eight year period, it was not erroneous to decline to accept Noparstak's opinion as of the moment Watson left the care of Maltby. Accordingly, there was substantial evidence supporting the ALJ's reliance on Dr. Maltby's opinion, and his rejection of Dr. Noparstak's, in determining the extent of Watson's mental impairment.
 
 II
 
 5
 Watson attacks the ALJ's determination that he is "not fully credible" as reversible error. The ALJ's credibility determination was relevant only to his discussion of Watson's claims of pain. As Watson does not dispute the ALJ's finding regarding his physical residual functional capacity, any error in the ALJ's treatment of Watson's claims of pain is immaterial.
 
 III
 
 6
 Watson contends that the ALJ failed to give reasons for rejecting the testimony of his wife, who stated that Watson's condition was the same in 1991 as 1980, and that she did not think he could have worked from 1979 through 1985. In both cases upon which Watson relies, Smith v. Bowen, 849 F.2d 1222 (9th Cir.1988), and Sprague v. Bowen, 812 F.2d 1226 (9th Cir, 1987), there were specific facts that supported the claimant's position. Here, Mrs. Watson's conclusory opinion was not entitled to substantial weight when measured against the testimony of Watson's treating psychologist. For this reason, the ALJ's failure to refer to her testimony does not require reversal. Likewise, Watson's own testimony was conclusory and adds nothing to his claim of disability.
 
 IV
 
 7
 The district court determined that remand was necessary because the record was not sufficiently developed to award benefits as a matter of law. As the decision to reverse and award benefits or to remand lies in the discretion of the court, Varney v. Secretary of Health and Human Services, 859 F.2d 1396, 1399 (9th Cir.1988), we see no error.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3