56 F.3d 72
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Denith F. MULLINS, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health & Human Services,
Defendant-Appellant.
 No. 93-35763.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 1, 1995.*
Decided May 24, 1995.
 
 Appeal from the United States District Court for the District of Oregon, No. CV-92-01055-HJF; Helen J. Frye, District Judge, Presiding.
 D.Or.
 REVERSED AND REMANDED.
 Before: BROWNING, REAVLEY,** and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 The ALJ erroneously rejected Mullins's subjective pain testimony without "specific findings justifying a decision to disbelieve [Mullins] ... supported by substantial evidence in the record." Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989); see also Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir. 1991). Four of the five reasons cited by the ALJ for rejecting Mullins's testimony are not supported by the record; the fifth is inadequate to support the rejection of Mullins's testimony: (1) Mullins's testimony regarding her driving is not inconsistent with the testimony of her sister. Mullins testified that she did not drive "unless I absolutely have to," ER 26, and her sister testified only that Mullins does not drive into town, ER 55. (2) Contrary to the ALJ's finding, Mullins never testified that "she might do some cooking"; and the statements of her relatives do not reveal the inconsistency on which the ALJ relies. Mullins's sister testified that Mullins "tries to cook, but she can't stand up for very long ... and do everything" and that she (the sister), Mullins's daughters and Mullins's husband do the cooking. ER 57. Mullins's daughter, Tina, testified that she, her sister (Mullins's other daughter), her father (Mullins's husband), and her aunt (Mullins's sister) do the cooking, ER 60, and that her mother does none of the cooking, ER 60-61. Mullins's other daughter, Tilly, testified that "I usually cook meals. Sometimes my aunt does it, sometimes my dad does it." ER 63. (3) Mullins's testimony regarding her need for rest is not inconsistent with her daughter's testimony. Mullins testified that she had to lie down "usually several hours a day," ER 42, and that she had to lie down for periods of "one to two hours ... [m]aybe an hour and a half" in the morning and again in the afternoon, ER 70. Her daughter, Tina, testified that "about 90% of the day [Mullins is] in her bed room." ER 59. Tina's testimony did not indicate that Mullins was lying down the entire time that she was in her room, as the ALJ surmised. (4) The ALJ's other reasons for rejecting Mullins's testimony as to her need for rest are also without merit. Mullins testified that because of her pain she needed to lie down "substantial periods of the day." The ALJ rejected Mullins's testimony because the need she asserted "is not supported by the objective medical evidence of record." Because Mullins established her underlying impairment with objective medical evidence, the ALJ "may not discredit [her] testimony of pain ... solely because the degree of pain alleged by the claimant is not supported by the objective medical evidence." Bunnell, 947 F.2d at 346-47. The ALJ also justified his rejection of Mullins's testimony because of the "absence of any physician care or treatment." However, the record shows that Mullins twice visited a hospital emergency room for pain, ER 150-53, 54-57, and that she was treated by a chiropractor for several months, ER 13-35. Mullins also testified that she attempted to seek help from other physicians but was unable to pay for further care. ER 38, 54. (5) Finally, Mullins testified that her chiropractor showed her that her back problem was causing her right leg to be "two inches shorter than my other." ER 45-46. The ALJ correctly noted that there is no medical evidence in the record supporting this allegation; nor is there anything in the record contradicting it. In the absence of any basis for the other reasons offered by the ALJ for rejecting Mullins's pain testimony, this alone is not an adequate reason for rejecting her testimony.
 
 
 3
 "[I]f grounds for ... finding [the testimony incredible] exist, it is both reasonable and desirable to require the ALJ to articulate them in the original decision." Varney v. Secretary, 859 F.2d 1396, 1399 (9th Cir. 1988). Since the ALJ failed to do so, we "take [Mullins's] testimony to be established as true." Id. at 1401. Because the vocational expert testified that if Mullins's pain testimony were taken as true she could not perform any jobs, there is no need for further findings. Accordingly, we reverse and remand for the payment of benefits. Id.
 
 
 4
 REVERSED and REMANDED for payment of benefits.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R. App. P. 34(a)
 
 
 **
 The Honorable Thomas M. Reavley, Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3