77 F.3d 488
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Davina GIFFORD, Plaintiff-Appellant,
v.
Shirley S. CHATER,* Defendant-Appellee.
 No. 94-36078.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 11, 1996.
Decided Feb. 21, 1996.
As Amended on Denial of Rehearing and Suggestion for
Rehearing En Banc Aug. 6, 1996.
 
 Before: NOONAN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Davina Gifford ("Gifford"), seeking disability benefits under Title II of the Social Security Act, 42 U.S.C. § 410 et seq., appeals from the magistrate judge's decision. The magistrate judge found error in the Administrative Law Judge's ("ALJ") decision denying benefits and remanded to the Secretary of Health and Human Services for further proceedings ("Secretary"). Gifford challenges the remand order arguing that under Varney v. Secretary of Health and Human Servs., 859 F.2d 1396 (9th Cir.1988), she is entitled to an immediate award of benefits.
 
 
 3
 We find no error in Magistrate Judge Stewart's conclusion that the ALJ failed to provide specific reasons for his negative credibility finding with respect to Gifford's pain testimony and for his rejection of her examining physicians' reports. Under Varney and its progeny, we are required to accept Gifford's testimony and her examining physicians' testimony as true. See id. at 1400-1401. We conclude, based on either ground asserted by Gifford, that she is entitled to an immediate finding of disability and award of benefits.
 
 
 4
 Gifford's first argument challenges the ALJ's determination that she was not disabled due to any impairment listed in Paragraph 12.04, "Affective Disorders" of the disability regulations. See 20 C.F.R. Pt. 404, Subpt. P, Appendix 1. Although the ALJ concluded that Gifford satisfied part A of the test and (3) of part B of 12.04, he found that Gifford had only moderate restrictions in the activities of daily life and social functioning and no episodes of deterioration or decompensation. Accordingly, he determined Gifford to be "not disabled" under any listed impairment in Appendix 1 and denied benefits pursuant to 20 C.F.R. § 404.1520(d).
 
 
 5
 Once Gifford's pain testimony and her physicians' opinions are properly credited, it is evident that she satisfies Part B due to marked restriction of activities in daily living. Based on the medical evidence in the record supporting Gifford's claims of headache pain, discussed by the district court, and crediting her pain testimony and examining physicians' reports, we conclude pursuant to 20 C.F.R. § 404.1526[1] that the combination of Gifford's impairments establishes that she suffers a marked restriction of activities of daily living and thus qualifies as "disabled" under 12.04 "Affective Disorders."
 
 
 6
 The ALJ also erred in concluding that Gifford was not disabled because she was capable of residual work. The burden is on the Secretary to sow that a claimant can do other kinds of work. Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir.1995). Given his evaluation of Gifford's physical condition, and her age, education, and work experience, the ALJ determined that there were jobs in the national economy she could perform, namely, that of general clerk or mail clerk. The ALJ erroneously reached this conclusion, however, based on responses from the vocational expert with respect to hypotheticals presented by the ALJ which did not include the specific functional limitations established by Gifford's pain testimony and her physicians' opinions. In her pain testimony, Gifford had stated that she could not perform a job which required two hours of concentration at a time, and her examining physician's report stated that it was "highly unlikely that she could enter into a work or work-like setting without severe disruption from psychological factors."
 
 
 7
 On cross-examination, Gifford's attorney questioned the vocational expert concerning the specific functions of a general clerk and mail clerk. The vocational expert's testimony established that a person with a significant inability to maintain attention and concentration for up to two hours would not be able to perform the sort of jobs under consideration. Once Gifford's pain testimony and physicians' reports are properly credited, it is clear that she could not perform the residual capacity employment proposed by the vocational expert and accepted by the ALJ.
 
 
 8
 Accepting Gifford's pain testimony as true, and crediting her physicians' reports, we hold that Gifford has established her disability as a matter of law under either a § 12.04 "Affective Disorder" or an inability to perform residual capacity work.
 
 
 9
 We REMAND to the district court with instructions to REMAND to the Secretary for immediate award of benefits as of January 7, 1992. Gifford has indicated that she intends to seek attorney's fees for this appeal pursuant to Ninth Circuit Rule 28-2.3 under the Equal Access to Justice Act, 28 U.S.C. § 2412, and 42 U.S.C. § 406(b)(1). Because Gifford has prevailed on her claim for benefits, she qualifies as a "prevailing party" under the EAJA. We leave it to the district court upon remand to determine whether the government's position was substantially justified. See Pierce v. Underwood, 487 U.S. 552, 559 (1988); Commissioner I.N.S. v. Jean, 496 U.S. 154, 158-162 (1990); Terry v. Sullivan, 903 F.2d 1273, 1280 (9th Cir. 1990).
 
 
 
 *
 Shirley S. Chater is substituted for her predecessor, Donna E. Shalala, as Secretary of Health and Human Services. Fed.R.App.P. 43(c)(1)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The relevant portion of § 1526 provides:
 If you have more than one impairment and none of them meets or equals a listed impairment, we will review the symptoms, signs, and laboratory findings about your impairments to determine whether the combination of your impairments is medically equal to any listed impairment.