119 F.3d 6
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard LORENZEN, Plaintiff-Appellant,
v.
John J. CALLAHAN,** Acting Commissioner of
the Social Security Administration, Defendant-Appellee.
 No. 96-35608.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1997.***
July 15, 1997.
 
 Appeal from the United States District Court for the District of Oregon, D.C. No. CV-95-1058-MRH; Michael R. Hogan, District Judge, Presiding.
 Before: GOODWIN, REINHARDT, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Richard Lorenzen appeals the denial of his claim for disability benefits. We hold that the Administrative Law Judge failed to offer "specific, cogent reasons" sufficient to justify the rejection of Lorenzen's testimony. Lester v. Chater, 81 F.3d 821, 834 (9th Cir.1996). Because the parties are familiar with the facts, we will not repeat them here.
 
 
 3
 The ALJ rejected Lorenzen's credibility in substantial part because of his disbelief that an individual with Lorenzen's alleged disabilities could either withstand a move from Hawaii to Oregon or find a romantic partner. These reasons are inadequate to justify the rejection of Lorenzen's testimony. There is no evidence that the move required physical exertion on Lorenzen's part; nor is there any evidence that Lorenzen's level of physical activity in his relationship with Lawson is inconsistent with his claimed limitations. To the contrary, Lorenzen testified that he moved back to Oregon so that his parents could take care of him; that he made little or no effort to meet Lawson, with whom he was already acquainted by way of his sister; that their courtship entails little physical activity; and that Lawson reduces the physical demands on Lorenzen by doing all of the housework herself.[1]
 
 
 4
 In this case, the ALJ explicitly found that if Lorenzen's testimony were to be credited, his disabilities would clearly meet the criteria set forth in the Listing of Impairments, and he would therefore be eligible for benefits. Accordingly, because we hold that the ALJ erred in rejecting Lorenzen's testimony, benefits shall be awarded on remand. Lester, 81 F.3d at 834; Varney v. Secretary of Health & Human Servs., 859 F.2d 1396, 1401 (9th Cir.1988).[2]
 
 
 5
 REVERSED and REMANDED for payment of benefits.
 
 
 
 **
 John J. Callahan has been substituted for his predecessor in office, Shirley S. Chater, pursuant to Federal Rule of Appellate Procedure 43(c)(1)
 
 
 **
 * The panel unanimously finds this case suitable for submission on the record and briefs without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The ALJ also alluded to Lorenzen's medical history of seeking treatment from numerous physicians as a basis for rejecting his credibility. However, the Tenth Circuit has rejected this very argument in the context of chronic fatigue syndrome. Sisco v. Department of Health & Human Servs., 10 F.3d 739, 744 (10th Cir.1993)
 
 
 [2]
 Because of the result we reach, we need not consider other issues raised by Lorenzen, such as the ALJ's refusal to hear or credit Lawson's testimony, and the ALJ's reliance on a nonexamining medical expert who denied the existence of chronic fatigue syndrome, contrary to Social Security Administration policy. See Social Security Administration, Program Operations Manual § DI 24515.075