**Pauline HASLACKER, Plaintiff–Appellant,**

v.

**Larry G. MASSANARI,\* Acting Commissioner of Social Security, Defendants–Appellees.**

No. 99–56744.

D.C. No. CV–95–03139–AJW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 18, 2001.

Decided Sept. 11, 2001.

* As of March 29, 2001, Larry G. Massanari was appointed Acting Commissioner for the Social Security Administration, and is therefore substituted for Kenneth S. Apfel as the named defendant in this action. Fed. R.App. P. 43(c)(2).

Before PREGERSON, FERNANDEZ, and GRABER, Circuit Judges.

### MEMORANDUM **

Plaintiff-appellant Pauline Haslacker appeals from the district court's decision granting summary judgment in favor of the Commissioner of the Social Security Administration ("Commissioner") in Haslacker's action for Supplemental Security Income ("SSI") benefits. We reverse.

On appeal, Haslacker argues that the ALJ erred in disregarding her subjective pain testimony. Haslacker testified at the hearing that even before she broke her ankle, she could not walk more than two blocks, and that walking even that distance caused her pain in her lower back and hips. She also testified that she could not stand for more than a half hour to forty-five minutes at a time, and that she could lift and carry only between five and ten pounds.

When the ALJ asked Cynthia Ward ("Ward"), the vocational expert, to consider a hypothetical claimant who suffered from Haslacker's physical impairments, including those subjective complaints, Ward concluded that under Step Four of the

five-part sequential analysis, such a claimant would not be able to perform Haslacker's past relevant work. Ward also concluded that under Step Five of the five-part sequential analysis, again considering Haslacker's subjective complaints, Haslacker would also be unable to "perform any other work for which she had transferable skills." When the ALJ inquired as to the basis for this conclusion, Ward responded: "The description of difficulty in maintaining any comfortable position for any period of time and her description of pain."

Ward's testimony establishes that Haslacker would be entitled to benefits if the ALJ considered Haslacker's subjective pain testimony. Thus, the critical question we must consider is whether the ALJ properly disregarded Haslacker's subjective pain testimony.

In *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir.1991) (en banc), we held that once a claimant produces objective evidence of an underlying impairment that is "reasonably likely" to cause some degree of pain, the ALJ may not reject the claimant's subjective complaints regarding the extent and severity of her pain merely because the severity of the pain cannot be supported by objective medical evidence. *Id.* at 343 (citing *Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir.1986)). Rather, "[f]or the ALJ to reject the claimant's complaints, [the ALJ] must provide specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.1995) (internal quotation marks and citation omitted).

Here, the ALJ found that Haslacker satisfied the "threshold" for application of the *Bunnell* test. Thus, we must determine whether the ALJ provided legitimate and specific reasons for disregarding her subjective pain testimony.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

The ALJ provided two reasons for disregarding Haslacker's testimony: (1) her alleged failure to report and seek treatment for her physical impairments prior to 1994; and (2) her alleged ability to engage in "extensive daily activities" despite her impairments. Although these justifications are legitimate reasons for disregarding subjective pain testimony, *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir.1989), neither is supported by the record in this case.

A. Haslacker's Alleged Failure to Report and Seek Treatment for Various Physical Impairments Prior to 1994

The ALJ found significant the fact that Haslacker allegedly failed to report and seek treatment for many of her physical impairments prior to 1994. Many of his statements, however, are belied by the record.

First, Haslacker reported both knee and hip pain to Dr. Moelleken in 1992, two years before 1994. Indeed, Haslacker's complaints of knee and hip pain continued in 1994, as she reported such pain to Drs. Heyn and Edelbaum. Second, although the ALJ correctly concluded that Haslacker did not "take[ ]" any "special medication" for her elbow pain, he failed to note that Haslacker was receiving "treatment" for her elbow condition with cortisone shots. Because Haslacker was receiving active medical treatment for her elbow condition, her failure to "take[ ]" medication is not a valid reason for rejecting her testimony. Third, with respect to Haslacker's failure to use back support for her lower back, the ALJ failed to cite any medical evidence to support his assumption that a physical back support would alleviate Haslacker's lower back pain.

The ALJ's final reason for concluding that Haslacker failed to report and seek treatment for her physical ailments is that "her treating records reveal that she did lift heavy objects." This statement is based on a nearly undecipherable entry in a December 1992 handwritten medical report by Neil Hollander, M.D. Although Dr. Hollander's notes are barely legible, the page cited by the ALJ appears to state: "Lifted something heavy 4 days ago c o severe LB Pain and R leg pain." In view of Dr. Hollander's other notes, this reading of the entry does not support the ALJ's statement that Haslacker could lift heavy objects. To the contrary, it indicates that she should not lift heavy objects without suffering severe pain.

B. Haslacker's Alleged Ability to Engage in "Fairly Extensive Daily Activities"

The second reason the ALJ cited for disregarding Haslacker's subjective pain testimony is that her testimony was contradicted by her ability to engage in "fairly extensive daily activities." Again, many of the ALJ's statements are belied by the record.

First, although the ALJ stated that Haslacker "dress[es]" and "grocery shops in the morning," the record demonstrates that Haslacker requires assistance with both activities. Similarly, while there is some record evidence to support the ALJ's conclusion that Haslacker is able to do light housework, such as washing the dishes and dusting, Dr. Edelbaum's notes reveal that she also has "difficult[y] doing housework, such as bending, stooping, vacuuming, or sweeping." Finally, although the ALJ cited the fact that Haslacker is able to watch television to suggest that she is exaggerating her pain, Dr. Heyn noted that "[s]he walks around and watches television *because* of pain" (emphasis added).

C. Because the ALJ Failed to Provide Legitimate Reasons for Disregarding Haslacker's Testimony, She is Entitled to Benefits

In sum, we find that the ALJ's asserted reasons for disregarding Haslacker's sub-

jective pain testimony are not supported by the record. We therefore decline to disregard her testimony regarding the severity of her pain. Moreover, because it is clear on the record before us that Haslacker qualifies for benefits if we consider her pain testimony, we reverse the district court's decision granting summary judgment in favor of the Commissioner and remand with instructions to award benefits. *See Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396 (9th Cir. 1988) (stating that if the record is complete, the court may award benefits rather than remand for further consideration).

The decision of the district court is REVERSED, and this case is REMANDED with instructions to remand to the Commissioner to enter an award of benefits in favor of Haslacker.