**Janice K. ANDREYKA, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security Administration, Defendant—Appellee.**

No. 02–15003.

D.C. No. CV–00–02182–PGR.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 26, 2003.

Before CANBY, O'SCANNLAIN and W. FLETCHER, Circuit Judges.

## MEMORANDUM**

We reverse the district court's affirmance of the Social Security Administration's denial of appellant Janice Andreyka's application for Social Security Disability Insurance benefits. Where, as here, a Social Security claimant's testimony is medically supported, an Administrative Law Judge ("ALJ") may reject that testimony "only by offering specific, clear and convincing reasons for doing so. The clear and convincing standard is the most demanding required in Social Security cases." *Moore v. Comm'r of the Soc. Sec. Admin.,* 278 F.3d 920,

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

924 (9th Cir.2002). The ALJ's reasons for discounting Andreyka's testimony fail to meet this strict standard. We therefore accept Andreyka's testimony as true. *Varney v. Sec'y of Health and Human Servs.*, 859 F.2d 1396, 1398–99 (9th Cir.1988). Because it is undisputed that Andreyka's testimony, if fully credited, would compel the conclusion that she is disabled within the meaning of the Social Security Act, we remand for an immediate award of benefits for the closed period from June 13, 1996, to August 26, 1999. *See id.*

REVERSED AND REMANDED.

O'SCANNLAIN, Circuit Judge, dissenting.

I must respectfully dissent from the decision to reverse the district court and to award disability benefits. The Commissioner's decision to deny benefits may be overturned "only if it is not supported by substantial evidence." *Morgan v. Apfel,* 169 F.3d 595, 599 (9th Cir.1999). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a decision." *Id.* Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld. *Id.; Andrews v. Shalala,* 53 F.3d 1035, 1041 (9th Cir.1995).

In this case, the ALJ rejected Andreyka's complaints of debilitating diarrhea. To do so, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir.1995). "[T]he Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." *Morgan,* 169 F.3d at 599. The reasons the ALJ provided for rejecting Andreyka's testimony were (1) her numerous daily activities were inconsistent with her testimony of debilitating disability; (2) there were two prior inconsistent statements on the record; (3) the

claimant's behavior during the hearing was inconsistent with her claim; (4) the claimant's testimony was inconsistent with the documentary medical evidence; and (5) the fact the claimant was willing to be transferred by her employer to another job, and the fact the claimant worked in antiques, supports an inference that she fabricated her testimony and in fact had the residual capacity to perform sedentary work.

Taken as a whole, the ALJ provided specific and legitimate reasons for rejecting Andreyka's testimony. We have upheld decisions to reject claimant testimony based on less substantial reasons than these. *See e.g., Rollins v. Massanari,* 261 F.3d 853, 857 (9th Cir.2001); *Morgan,* 169 F.3d at 599–600; *Fair v. Bowen,* 885 F.2d 597, 604 n. 5 (9th Cir.1989). "It may well be that a different judge, evaluating the same evidence, would have found [the] allegations ... credible." *Fair,* 885 F.2d at 604. This administrative law judge did not. Accordingly, I respectfully dissent.