NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARL A. COMBS, | No. 09-16135 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-01728-MEJ |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Maria-Elena James, Magistrate Judge, Presiding

Submitted April 16, 2010[**]
San Francisco, California

Before: SCHROEDER and RAWLINSON, Circuit Judges, and COLLINS, District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

1

Appellant Carl Combs ("Combs") appeals the district court's summary judgment in favor of the Commissioner of Social Security ("Commissioner"). The district court affirmed the decision of the Administrative Law Judge ("ALJ") denying Combs Disability Insurance benefits and Supplemental Security Income benefits under Titles II and XVI of the Social Security Act. The ALJ concluded, on the basis of step five in the five-step sequential analysis in 20 C.F.R. §404.1520(a)-(g), that Combs was not "disabled" within the meaning of the Act, 42 U.S.C. § 1382c(3), because he retained "the capacity to do many unskilled, entry-level sedentary jobs existing in the national economy and the several regions of the country." We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* the district court's decision affirming the ALJ, and we reverse and remand for further proceedings.

### 1. Combs's Treating Physician

Combs contends that the ALJ erred by rejecting the opinion of Dr. Rosenberg, Combs's treating physician, without providing legally adequate reasons for doing so. Both credibility and the weight of medical testimony is determined by the ALJ. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If the treating or examining physician's opinion is contradicted by another doctor, as here, the ALJ may reject that opinion only if he provides specific and legitimate

2

reasons supported by substantial evidence in the record. *Lester v. Chater,* 81 F.3d 821, 830-31 (9th Cir. 1995).

The ALJ's reasons for rejecting Dr. Rosenberg's opinion met that standard. He found that Dr. Rosenberg's opinion was not supported by any other examiner. Relying on observations and test results from treating physicians as well as reports from non-examining state agency physicians, the ALJ determined that Dr. Rosenberg's opinion was not supported by substantial evidence in the record. The ALJ, therefore, permissibly rejected a medical opinion of a treating physician that the ALJ determined was unsupported by the record as a whole. *See Batson v. Comm'r*, 359 F.3d 1190, 1195 (9th Cir. 2004).

### 2. Adverse Credibility

Next, Combs argues that the ALJ erred in rejecting Combs's testimony regarding his pain and functional limitations without clear and convincing reasons for doing so.

Combs testified that his back and neck pain were "severe" and on a pain scale of zero to ten, the pain was a "ten" on a "continuous basis" throughout the day. He further testified that he only had the ability to sit for 40-45 minutes before he needed to stand up for 10-15 minutes, after which time he applied heat and ice and then laid down for about an hour. He testified that he repeated this process

five to six times a day and that if he did not go through this process, the pain he experienced was so severe that it prevented him from concentrating.

In evaluating the credibility of a claimant's subjective complaints of pain, an ALJ must consider the factors listed in SSR 88-13:

1. The nature, location, onset, duration, frequency, radiation, and intensity of any pain;

2. Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);

3. Type, dosage, effectiveness, and adverse side-effects of any pain medication;

4. Treatment, other than medication, for relief of pain;

5. Functional restrictions; and

6. The claimant's daily activities.

*See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). Further, the ALJ may consider an "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment," in addition to "ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid." *Id.*

Where, as here, the claimant has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged," and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if he gives "specific, clear and convincing reasons" for the rejection. *Ligenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007); *Smolen*, 80 F.3d at 1281.

The ALJ found that Combs's allegations of pain were not credible in view of the lack of objective medical signs or findings; the existence of protracted workers's compensation litigation; and the invalid results at the psychological consultative examination. We conclude that this assessment does not support an adverse credibility finding.

First, the ALJ erred in relying on the lack of objective medical evidence regarding the severity of Combs's pain. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.").

Second, the ALJ erred in failing to discuss any of the factors promulgated by SSR 88-13 or evidence this Court has indicated is to be considered in making a

5

credibility determination. Instead, the ALJ relied on the existence of the workers's compensation claim and the invalid results of the psychological exam— evidence which is not probative of Combs's credibility— to support his adverse credibility determination.

Due to the ALJ's faulty credibility assessment, we will remand for further administrative review and apply the credit-as-true rule to Combs's improperly discounted pain testimony. On remand, the ALJ is instructed to accept Combs's symptom testimony as true in determining whether he is entitled to benefits. *See Vasquez v. Astrue*, 572 F.3d 586, 594 (9th Cir. 2009)(applying the credit-as-true rule to improperly discounted pain testimony and noting that "[b]y requiring the ALJ to specify 'any factors discrediting a claimant at the first opportunity,' the [credit-as-true] rule ensures that pain testimony is carefully assessed, and helps prevent unnecessary duplication in the administrative process.")(quoting *Varney v. Secretary of Health and Human Services*, 859 F.2d 1396, 1398 (9th Cir. 1988)).

**REVERSED and REMANDED.**[1]

---

[1] Combs's third argument is derivative of the credibility issue. Combs contends that the ALJ erred in assessing his residual functional capacity and did not include all of Combs's limitations in the hypothetical posed to the vocational expert. On remand, the ALJ will have an opportunity to address this issue.

FILED

JUL 13 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Combs v. Astrue*, Case No. 09-16135
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.