NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANCITA TSOSIE,

Plaintiff-Appellant,

v.

OFFICE OF NAVAJO & HOPI INDIAN
RELOCATION, an administrative agency of
the United States,

Defendant-Appellee.

No.    18-15145

D.C. No. 3:16-cv-08245-JWS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
John W. Sedwick, District Judge, Presiding

Argued and Submitted May 17, 2019
San Francisco, California

Before:  McKEOWN and GOULD, Circuit Judges, and BATTAGLIA,[**] District
Judge.

Ancita Tsosie ("Tsosie") appeals the district court's grant of summary

judgment to the Office of Navajo & Hopi Indian Relocation ("ONHIR") affirming

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Anthony J. Battaglia, United States District Judge for
the Southern District of California, sitting by designation.

the ONHIR's denial of her application for relocation benefits. We review de novo the district court's grant of summary judgment. *Brunozzi v. Cable Commc'ns, Inc.*, 851 F.3d 990, 995 (9th Cir. 2017). We review the ONHIR's decision to determine if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or "unsupported by substantial evidence." 5 U.S.C. § 706(2). We have jurisdiction under 28 U.S.C. § 1291, and we vacate and issue a limited remand.

The ONHIR's decision to deny benefits was not supported by substantial evidence. The Hearing Officer offered conclusory statements supporting his conclusion that Tsosie and her sister's testimony about how much Tsosie earned from babysitting services was not credible, while concluding the rest of the testimony was credible. "When the decision of an ALJ [Administrative Law Judge] rests on a negative credibility evaluation, the ALJ must make findings on the record and must support those findings by pointing to substantial evidence on the record." *Ceguerra v. Sec'y of Health & Human Servs.*, 933 F.2d 735, 738 (9th Cir. 1991) (citation omitted). We have further explained that "if an ALJ has grounds for disbelieving material testimony, it is both reasonable and desirable to require the ALJ to articulate those grounds in the original decision." *Id.* at 740 (citing *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396 (9th Cir. 1988)). Here, the Hearing Officer failed to articulate reasons supporting his conclusion that

Tsosie and her sister's "recollections about payment made more than 33 years ago are not credible[,]" while also finding the rest of Tsosie and her sister's testimony about events that occurred credible. The Hearing Officer suggested that one reason supporting his conclusion that their testimony was not credible was that they did not provide written records of the baby-sitting payments. However, the Agency has previously accepted undocumented income to meet the threshold amount for head of household, acknowledging that individuals on the HPL often support themselves through odd jobs which do not allow wage statements. *O'Daniel v. ONHIR*, No. 07-354-OCT-MHM, 2008 WL 4277899, at *5 (D. Ariz. Sept. 18, 2008) ("It is common for individuals to make a living from livestock or support themselves through odd jobs throughout the Reservation."). The Hearing Officer did not explain why Tsosie's failure to provide written records should count against her in this instance, despite the Agency's policy of allowing such income in other instances.

Additionally, the Hearing Officer denied relocation benefits in part because there is no record that Tsosie worked for five years after she left the Hopi Partitioned Lands in 1979. That fact is irrelevant to the standard to demonstrate head-of-household status, which requires an individual to show that she was self-supporting by the relevant date—here, 1979. 25 C.F.R. § 700.69(a)(2), (c).

Setting these flawed justifications aside, Tsosie met her burden to

demonstrate head-of-household status because she earned $1,300 per year or more by 1979.  Thus, we vacate and order a limited remand for the ONHIR to consider whether there are any other bars to relief.

**VACATED AND REMANDED.**