Catherine COSTANZA, Plaintiff–Appellant,

v.

Jo Anne BARNHART, Commissioner of the Social Security Administration, Defendant–Appellee.

No. 02–15530.

D.C. No. CV–00–21029 (JW).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 16, 2003.

Decided June 25, 2003.

Before HUG, GIBSON,* and FISHER, Circuit Judges.

MEMORANDUM**

Catherine Costanza appeals from the district court's order remanding her case to the Commissioner for further proceedings. Costanza contends that the district court abused its discretion in ordering remand when she was entitled to benefits as a matter of law. We reverse and remand to the district court with instructions to remand to the Commissioner for an award of benefits.

Costanza's eligibility for disability insurance benefits expired on September 30, 1996. She applied for benefits on February 12, 1997, claiming a disability onset date of June 30, 1991. She testified that she had returned to work briefly after her June 1991 disc surgery, but had been unable to work because of fibromyalgia and consequently quit work permanently in 1992. She testified that the pain from her fibromyalgia had been constant since 1991 and that she averaged at least four bad days a week in which she suffered tremendous pain and could do no more than lie on the couch. Her primary care physician, Dr. Gene Levitz, provided evidence that he had diagnosed her fibromyalgia in 1992 and had treated her for that condition from 1992 to 1998, administering steroid shots every six to eight weeks. Levitz offered the opinion that Costanza has been disabled since 1991 by the effects of various ailments including cervical disc disease and fibromyalgia. Dr. Ronald Restifo, a consulting rheumatologist, diagnosed a "fibromyalgia-type syndrome" in 1992.

The ALJ found that Costanza became disabled in 1997, after her insured status expired in 1996.

The district court held that the ALJ improperly rejected Costanza's testimony regarding her own pain and the opinions of her two treating physicians without providing adequate reasons for disbelieving the testimony and opinions. The Commissioner does not controvert the district court's conclusion. Under Ninth Circuit law, we are obliged to credit such improperly rejected evidence. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.1995) (as amended); *Varney v. Sec'y of HHS*, 859 F.2d 1396, 1398–99, 1401 (9th Cir.1988). If the Commissioner credits Costanza's testimony and her doctors' opinions, the Commissioner can arrive at no other conclusion than that Costanza was disabled before her insured status expired in September 1996.

The Commissioner contended at oral argument that even accepting Costanza's testimony, there was an unresolved factual issue regarding the onset date because it was unclear whether Costanza had been able to work in 1992. An applicant cannot recover past disability benefits for more than the twelve months preceding the month in which she applies for benefits. 20 C.F.R. § 404.621(a). Costanza applied for benefits in 1997. Any question of fact concerning whether disability began in 1991 or 1992 would not affect Costanza's entitlement to benefits, since in either case she would have been disabled twelve months before her application date.

---

* The Honorable John R. Gibson, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

Where an ALJ has failed to provide legally sufficient reasons for rejecting evidence; that evidence, if accepted, would establish the claimant's entitlement to benefits; and there are no remaining issues to be resolved, the district court must remand for award of benefits. *See Harman v. Apfel,* 211 F.3d 1172, 1178–79 (9th Cir. 2000). Accordingly, we reverse and remand with instructions to remand to the Commissioner for an award of benefits.

REVERSED AND REMANDED FOR AWARD OF BENEFITS.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.