**Thoa Thi LE, Plaintiff,**

v.

**Michael J. ASTRUE, Commissioner of Social Security Administration, Defendant.**

**No. SA CV 06–0681 FMO.**

United States District Court, C.D. California.

Feb. 4, 2008.

---

Jimmy Ogbonna Ewenike, Jimmy O. Ewenike Law Offices, Anaheim, CA, for Plaintiff.

Sharla Cerra, AUSA–Office of U.S. Attorney, Civil Division, Los Angeles, CA, for Defendant.

## ORDER Re: JOINT STIPULATION

FERNANDO M. OLGUIN, United States Magistrate Judge.

### *PROCEEDINGS*

Plaintiff filed a Complaint on July 26, 2006, seeking review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of her application for Supplemental Security Income ("SSI") pursuant to Title XVI of the Social Security Act ("Act"). 42 U.S.C. § 405(g). On May 9, 2007, the parties submitted a Joint Stipulation ("Joint Stip."). The court has taken the matter under submission without oral argument.

### *THE FIVE–STEP SEQUENTIAL EVALUATION PROCESS*

To be eligible for disability benefits, a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999).

Disability claims are evaluated using a five-step test:

Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.

Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1? If so, the claimant is automatically determined to be disabled. If not, proceed to step four.

Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Tackett,* 180 F.3d at 1098–99. If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Tackett,* 180 F.3d at 1098.

### *BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION*

Plaintiff, who was 61 years of age at the time of her last administrative hearing, obtained a fourth-grade education in Vietnam. (*See* Administrative Record ("AR") at 16, 49 & 288). Her past work experience includes employment as a rice farmer and a sewing machine operator. (*Id.* at 16–17, 116 & 131).

Plaintiff protectively filed for SSI on March 30, 2001, alleging that she has been disabled since November 1, 1999, due to hypertension, headaches, dizziness, fainting, weakness, fatigue, and back and leg pain. (*See* AR at 15, 51, 97 & 102). Plaintiff's application was denied initially, on reconsideration, and by an Administrative Law Judge ("ALJ") in a written decision issued on April 18, 2003. (*See id.* at 15, 51, 57 & 75–82). Thereafter, plaintiff filed a timely request for review of the ALJ's decision by the Appeals Council ("AC"). (*Id.* at 83). On July 8, 2004, the AC vacated the ALJ's decision and remanded the matter for further proceedings based upon the ALJ's failure to share information with plaintiff and her counsel, the ALJ's improper evaluation of the medical

evidence, and the ALJ's erroneous determination that plaintiff's past work as a sewing machine operator constituted substantial gainful activity. (*See id.* at 15 & 93–95).

On October 20, 2004, plaintiff appeared and testified at a supplemental hearing before an ALJ.[1] (AR at 15 & 288–97). The ALJ also heard testimony from Alan Boroskin, a vocational expert ("VE"). (*Id.* at 15 & 297–304).

The ALJ denied plaintiff's request for benefits on April 27, 2005. (AR at 15–22). Applying the five-step sequential evaluation process, the ALJ found, at step one, that plaintiff has not engaged in substantial gainful activity since her alleged onset date of disability. (*Id.* at 16 & 21). At step two, the ALJ found that plaintiff suffers from severe impairments consisting of "hypertension, obesity, and hyperlipidemia." (*Id.* at 17 & 21). At step three, the ALJ determined that the evidence does not demonstrate that plaintiffs impairments, either individually or in combination, meet or medically equal the severity of any listing set forth in the Social Security regulations.[2] (*Id.*).

The ALJ then assessed plaintiff's residual functional capacity[3] ("RFC") and determined that she can perform a full range of medium work.[4] (AR at 20). Specifically, the ALJ found that plaintiff can:

stand and/or walk, with normal breaks, for a total of about 6 hours during an 8–hour workday. She can sit, with normal breaks, for a total of about 6 hours during an 8–hour workday. She can lift and/or carry a maximum of 50 pounds occasionally and 25 pounds frequently.

(*Id.* at 20 & 21). Based on plaintiff's RFC, the ALJ determined, at step four, that "[b]ased on the [plaintiff]'s own description of her past relevant work as a rice farmer, this job did not require the performance of work-related activities precluded by her residual functional capacity.... Thus, the [plaintiff] could return to her past relevant work as a rice farmer as previously performed and as generally performed in the national economy." (*Id.* at 20–21)(internal citation omitted). Accordingly, the ALJ concluded that plaintiff was not suffering from a disability as defined by the Act. (*Id.* at 21 & 22).

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. (*See* AR at 5–7 & 10). The ALJ's decision stands as the final decision of the Commissioner.

### STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision must be upheld if they are free of legal error and supported by sub-

---

1. The ALJ states in his decision that the supplemental hearing was held on October 26, 2004. (AR at 15). The hearing transcript, however, indicates that the hearing was held on October 20, 2004. (*Id.* at 288).

2. *See* 20 C.F.R. pt. 404, subpt. P, app. 1.

3. Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n. 5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to

an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n. 2 (9th Cir.2007).

4. "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. §§ 404.1567(c) & 416.967(c).

stantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458–59 (9th Cir.2001, *as amended* Dec. 21, 2001). If the court, however, determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir.2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir.2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir.1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision " 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.' " *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir.1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court " 'may not substitute its judgment for that of the ALJ.' " *Id.* (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir.1992)).

## DISCUSSION

### I. THE ALJ IMPROPERLY DETERMINED THAT PLAINTIFF'S PAST WORK AS A RICE FARMER CONSTITUTED SUBSTANTIAL GAINFUL ACTIVITY.

Plaintiff contends that the ALJ erred in his step four determination that plaintiff's past employment as a rice farmer qualified as past relevant work. (*See* Joint Stip at 4–7 & 9–11). Specifically, plaintiff maintains that her work on a family farm in Vietnam where she grew rice and other produce for personal consumption, bartered a small portion for necessities, and was not paid a wage, does not satisfy the requirements for past relevant work because it did not constitute substantial gainful activity ("SGA"). (*See id.*). Further, plaintiff asserts that whether she was an employee or self-employed does not alter the determination that her work as a rice farmer does not constitute SGA. (*See id.*).

Past relevant work is defined as "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. §§ 404.1560(b)(1) & 416.960(b)(1); *see also id.* at §§ 404.1565(a) (explaining the 15–year guide for determining SGA) & 416.965(a) (same). Thus, for a claimant's past employment to be considered past relevant work, the work must constitute SGA. *Lewis v. Apfel*, 236 F.3d 503, 515 (9th Cir.2001) ("A job qualifies as past relevant work only if it involved substantial gainful activity.").

SGA is "work activity that is both substantial and gainful[.]" 20 C.F.R. §§ 404.1572 & 416.972; *see also Lewis*, 236 F.3d at 515 ("Substantial gainful activity is work done for pay or profit that involves significant mental or physical activities."). "Substantial work activity is work activity that involves doing significant physical or mental activities. [A claimant's] work may be substantial even if it is done on a part-time basis or if [the claimant] do[es] less, get[s] paid less, or ha[s] less responsibility than when [the claimant] worked before." 20 C.F.R. §§ 404.1572(a) & 416.972(a). "Gainful work activity is work activity that [a claimant] do[es] for pay or profit. Work

activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized." *Id.* at §§ 404.1572(b) & 416.972(b).

In determining whether a particular job constitutes SGA, the Social Security regulations consider two employment categories: employee and self employed. *See* 20 C.F.R. §§ 404.1574; 404.1575; 416.974 & 416.975. For an employee, the primary factor in determining whether his or her past work is SGA "will be the earnings [the employee] derive[d] from the work activity." *Id.* at §§ 404.1574(a)(1) & 416.974(a)(1). There is a rebuttable presumption that the employee either was or was not engaged in SGA if his or her average monthly earnings are above or below a certain amount established by the Commissioner's Earnings Guidelines. *See id.* at §§ 404.1574(b)(2)-(3) & 416.974(b)(2)-(3); *see also Lewis,* 236 F.3d at 515 ("Earnings can be a presumptive, but not conclusive, sign of whether a job is substantial gainful activity.").

Earnings, however, are not dispositive. For example, even where the employee's wages are not substantial, if there is other evidence indicating that the claimant was engaged in SGA or that a claimant was in the position to control the amount of wages he or she was paid, the Commissioner may consider whether the work performed is "comparable to that of unimpaired people in [the employee's] community who are doing the same or similar occupations as their means of livelihood, taking into account the time, energy, skill, and responsibility involved in the work[.]" 20 C.F.R. §§ 404.1574(b)(3)(ii)(A) & 416.974(b)(3)(ii)(A). The Commissioner may also rely upon evidence that the employee's work is clearly worth more than the SGA amounts provided for the particular calendar year in the Commissioner's Earning Guidelines based upon the prevailing pay scales in the employee's community. *Id.* at §§ 404.1574(b)(3)(ii)(B) & 416.974(b)(3)(ii)(B).

If a claimant is self-employed, the Commissioner will consider the work activities he or she has performed and their value to the business to determine whether the individual engaged in SGA. 20 C.F.R. §§ 404.1575(a)(2) & 416.975(a)(2). The Social Security Regulations provide three tests for determining whether self-employment qualifies as SGA:

Test one: You have engaged in substantial gainful activity if you render services that are significant[5] to the operation of the business and receive a substantial income from the business....

Test Two: You have engaged in substantial gainful activity if your work activity, in terms of factors such as hours, skills, energy output, efficiency, duties, and responsibilities, is comparable to that of unimpaired individuals in your community who are in the same or similar businesses as their means of livelihood.

Test Three: You have engaged in substantial gainful activity if your work activity, although not comparable to that of unimpaired individuals, is clearly worth the amount shown in [the Commissioner's Earnings Guidelines] when considered in terms of its value to the

---

5. If a self-employed person operates a business on her own, any services rendered are significant and if the self-employed person works with others the services she renders will be significant if she contributes "more than half the total time required for the man-agement of the business, or ... render[s] management services for more than 45 hours a month regardless of the total management time required by the business." 20 C.F.R. §§ 404.1575(b) & 416.975(b).

business, or when compared to the salary that an owner would pay to an employee to do the work you are doing. *Id.* at §§ 404.1575(a)(2)(i)-(iii) & 416.975(a)(2)(i)-(iii) (italics omitted). If the individual's work is SGA under test one, the ALJ need not apply tests two and three. *See Camper v. Sullivan,* 1991 WL 352422, at *2 (N.D.Cal.1991). "If, on the other hand, it is clearly established that the self-employed person is not engaging in SGA on the basis of significant services and substantial income (i.e., the first test), both the second and third tests concerning comparability and worth of work must be considered." *Id.* (italics in original).

Here, plaintiff described her past job as work in the fields growing rice and other produce, for which she was not paid a wage. (AR at 116 & 132). Her work consisted of farming with hand tools and lifting bundles of food onto a cart to be carried home. (*See id.*). It appears that plaintiff grew only enough food for personal consumption and to exchange for necessities. (*See id.*). Finally, plaintiff indicated that she did not lead or supervise any other farm laborers. (*Id.*).

The extent of the ALJ's analysis of whether plaintiff's past work constituted SGA was his conclusory statement that plaintiff has "past relevant work as a rice farmer." (AR at 20). In making this determination, the ALJ relied upon plaintiff's own description of her duties as a rice farmer. (*See id.*) ("Based on the [plaintiff]'s own description of her past relevant work as a rice farmer, this job did not require the performance of the work-related activities precluded by her residual functional capacity.") (internal citation omitted). In his decision, the ALJ did not specify whether plaintiff's past work on the family farm was done as an employee or a self-employed individual. (*See, generally, id.* at 15–22).

■ Irrespective of whether plaintiff was an employee or self-employed, however, the court is persuaded that her past work as a rice farmer does not constitute SGA. If plaintiff was an employee, because she earned no wages, a presumption arose that she was not engaged in SGA. *See Lewis,* 236 F.3d at 515; 20 C.F.R. §§ 404.1574(b)(3) & 416.974(b)(3). The burden then shifted to the Commissioner to point to other evidence in the record to establish that plaintiff was engaged in SGA. *See Lewis,* 236 F.3d at 515 ("With the presumption, the claimant has carried his or her burden [at step four] unless the ALJ points to substantial evidence, aside from earnings, that the claimant has engaged in substantial gainful activity.") (italics in original). Other than his assertion that plaintiffs work as a rice farmer constituted past relevant work, (AR at 20), the ALJ made no effort to rebut the presumption that plaintiff was not engaged in SGA. *See Lewis,* 236 F.3d at 517 (ALJ erred in step four determination that plaintiff could perform his past relevant work because the ALJ "did not rebut the presumption that [plaintiff] had not engaged in substantial gainful activity, and thus had not engaged in past relevant work[ ]"). Finally, even if the earnings presumption did not apply, plaintiff's prior work would still not be considered SGA because there is no evidence of the prevailing pay scales for rice farmers in plaintiff's community or any evidence that unimpaired people in plaintiff's community performed comparable work as rice farmers for profit. *See* 20 C.F.R. §§ 404.1574(b)(3)(ii) & 416.974(b)(3)(ii).

Although defendant concedes that plaintiff was not self-employed, (*see* Joint Stip. at 7) ("there is no evidence in the record that [p]laintiff was 'self-employed' nor did the ALJ so conclude[ ]"), it is worth noting that, even assuming plaintiff was self-em-

ployed as a rice farmer, her work nevertheless did not constitute SGA. Under test one, even if plaintiff provided significant services to the rice farm, she did not receive a substantial income and thus her work cannot be considered to be SGA. *See* 20 C.F.R. §§ 404.1575(a)(2)(i) & 416.975(a)(2)(i). Nor is there any evidence in the record that the rice and produce plaintiff grew would amount to a substantial income. Under test two, there is no evidence that plaintiff's work was comparable (considering factors such as hours, skills, energy output, efficiency, duties and responsibilities) to that of unimpaired persons in her community who earned wages or other substantial income as rice farmers or from other similar occupations. *See id.* at §§ 404.1575(a)(2)(ii) & 416.975(a)(2)(ii). Under test three, the record contains no evidence to support a finding that plaintiff's work was clearly worth wages amounting to SGA under the Commissioner's Earning Guidelines, in terms of its value to the farm or based upon what an employer would ordinarily pay a rice farmer. *See id.* at §§ 404.1575(a)(2)(iii) & 416.975(a)(2)(iii). "The lack of conclusive evidence as to the comparability of the required factors" results in a finding that the work plaintiff performed was not SGA. Social Security Ruling[6] ("SSR")83–34, 1983 WL 31256, at *9. Further, "any doubt as to the comparability of the factors should be resolved in favor of" plaintiff. *Id.*

In sum, whether plaintiff was an employee or self-employed, the subsistence farm work she performed in Vietnam did not constitute SGA as defined by the Social Security regulations. Thus, the ALJ's determination, at step four, that plaintiff could perform her past relevant work as a rice farmer, is not supported by substantial evidence.

## II. THE ALJ ERRED IN FINDING THAT PLAINTIFF IS NOT DISABLED.

Plaintiff asserts that the ALJ erred in finding her not disabled under the Medical–Vocational Guidelines ("Grids").[7] (*See* Joint Stip. at 17–18); *see also* 20 C.F.R. pt. 404, subpt. P. app. 2. Specifically, plaintiff contends that she meets the requirements of Grids Rule 203.01. (Joint Stip. at 18).

 Once a plaintiff has established an inability to perform past relevant work, the burden shifts to the Commissioner, at step five, to show that the plaintiff "can perform other substantial gainful work that exists in the national economy." *Swenson v. Sullivan,* 876 F.2d 683, 687 (9th Cir.1989). The Grids are applied at step five and "present, in table form, a short-hand method for determining the availability and numbers of suitable jobs for a claimant."[8] *Lounsbury v. Barn-*

---

6. "The Commissioner issues Social Security Rulings [('SSRs')] to clarify the Act's implementing regulations and the agency's policies. SSRs are binding on all components of the SSA. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference. We will not defer to SSRs if they are inconsistent with the statute or regulations." *Holohan v. Massanari,* 246 F.3d 1195, 1203 n. 1 (9th Cir.2001) (internal citations omitted).

7. Although plaintiff also contends that "SSR 03–3p directs a finding of 'disabled'[,]" (Joint Stip. at 18), SSR 03–3p is inapplicable to plaintiff's disability claim because it applies to evaluations of disability for "individuals aged 65 or older[,]" SSR 03–3p, 2003 WL 22813114, at *1, and plaintiff was 62 years old at the time the ALJ issued the instant decision. (*See* AR at 16).

8. "A claimant's placement with the appropriate table is determined by applying a matrix of four factors identified by Congress—a claimant's age, education, previous work ex-

*hart,* 468 F.3d 1111, 1114 (9th Cir.2006, *as amended* Nov. 7, 2006). Use of the Grids is appropriate only when a plaintiff's impairment "manifests itself by limitations in meeting the strength requirements of jobs ('exertional limitations'); [the Grids] may not be fully applicable where the nature of a claimant's impairment does not result in such limitations ('non-exertional limitations')." *Id.* at 1115. Thus, "[w]here a claimant suffers only exertional limitations, the ALJ must consult the grids." *Id.; see Tackett,* 180 F.3d at 1102 ("The ALJ may rely on the grids alone ... only when the grids accurately and completely describe the claimant's abilities and limitations.") (internal quotation marks and citation omitted).

Application of the Grids is limited when, "despite having the residual functional capacity to perform a full range of unskilled occupations at a given exertional level, a claimant may not be able to adjust to these jobs because of non-exertional limitations." *Lounsburry,* 468 F.3d at 1115. Nevertheless, the Grids are consulted first to determine if plaintiff is "disabled." *See id.* "In other words, where a person with exertional and non-exertional limitations is 'disabled' under the grids, there is no need to examine the effect of the non-exertional limitations[, b]ut if the same person is not disabled under the grids, the non-exertional limitations must be examined separately." *Id.* at 1116.

The Grids provide that an individual with the RFC for medium work is disabled if he or she is closely approaching retirement age, has no more than a marginal education and has only unskilled or no previous work experience. *See* Grids Rule

203.01. Persons between the ages of 60 and 64 are "closely approaching retirement age[.]" 20 C.F.R. § 404.1563(e). A marginal education is defined as an "ability in reasoning, arithmetic, and language skills which [is] needed to do simple, unskilled types of jobs. [The Commissioner] generally consider[s] that formal schooling at a 6th grade level or less is a marginal education." *Id.* at § 404.1564(b)(2). For a claimant's work experience to be considered under the Grids, it must constitute SGA and have been performed within the last 15 years for a long enough period for the worker to learn how to do the job. *Id.* at 404.1565(a) ("We consider that your work experience applies when it was done within the last 15 years, lasted long enough for you to learn to do it, and was substantial gainful activity.").

██ Here, plaintiff meets the requirements of Grids Rule 203.01 because she was 62 years old on the date of the ALJ's decision, has a 4th grade education, (*see* AR at 16, 49 & 288), and no relevant past work experience. *See supra* at § I. Thus, she is considered to be disabled. *See Lounsburry,* 468 F.3d at 1115–16 ("Where application of the grids directs a finding of disability, that finding must be accepted by the [Commissioner.]") (internal quotation marks, brackets, italics and citation omitted).

## III. AN AWARD OF BENEFITS IS APPROPRIATE.

██ The court has discretion to remand or reverse and award benefits. *Harman v. Apfel,* 211 F.3d 1172, 1179 (9th

---

perience, and physical ability. For each combination of these factors, they direct a finding of either 'disabled' or 'not disabled' based on the number of jobs in the national economy in that category of physical-exertional requirements. If a claimant is found able to work

jobs that exist in significant numbers, the claimant is generally considered not disabled." *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114–15 (9th Cir.2006, as amended Nov. 7, 2006) (internal citation omitted).

Cir.2000, *as amended* May 4, 2000), *cert. denied*, 531 U.S. 1038, 121 S.Ct. 628, 148 L.Ed.2d 537 (2000); *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir.1989, as amended Oct. 19, 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595–96 (9th Cir.2004); *Varney v. Sec'y of H.H.S.*, 859 F.2d 1396, 1401 (9th Cir.1988); *see also Harman*, 211 F.3d at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings[ ]").

 Under the circumstances, the court is persuaded that benefits should be awarded. As the court concluded above, the record establishes that plaintiff meets the requirements for a finding of disability under the Grids. Moreover, under the circumstances, the court believes that a remand for benefits, instead of further proceedings, is necessary in this case to "improve the performance of the ALJs by discouraging them from reaching a conclusion first, and then attempting to justify it by ignoring competent evidence[.]" *Varney*, 859 F.2d at 1398 (internal quotation marks, brackets and citation omitted). The court is troubled by the ALJ's conflicting and what appears to be result-oriented treatment of the vocational evidence in this matter. For example, in his first decision, the ALJ assigned plaintiff a more restrictive RFC than in the instant decision, (*compare* AR at 20 *with id.* at 80 & 81), and determined that plaintiff was unable to perform her past work as a rice farmer. (*See id.* at 80) ("[W]ith a residual functional capacity to perform light work, the ALJ finds that the [plaintiff] is capable of performing her past relevant work as a sewing machine operator but not her past work as a farmer."). In the instant decision, the ALJ, inexplicably, imposed a less restrictive RFC and concluded that plaintiff was now—two years later—capable of performing her past employment as a rice farmer. (*See id.* at 20). The ALJ made his determination without citing or mentioning any medical evidence establishing that plaintiff's impairments had improved to such an extent that instead of being able to perform only light work, she was now capable of medium work. (*See, generally, id.* at 15–22).

Aside from the fact that the ALJ failed to provide an adequate explanation for the change in plaintiff's RFC, the court is also troubled by the ALJ's result-driven analysis relating to the hypotheticals posed to the VE. The ALJ propounded four hypotheticals to the VE with various RFCs, to which the VE responded that if plaintiff had any of those RFCs, she would be unable to perform her past work as a rice farmer. (*See* AR at 299–303). Yet, the ALJ, again inexplicably, assessed a less restrictive RFC than any of the four propounded to the VE and found that plaintiff could perform her past job as a rice farmer. (*Compare id.* at 20 & 21 *with id.* at 299–303).

Finally, as noted earlier, the AC vacated the ALJ's prior decision and remanded the matter for further proceedings based, in part, on the ALJ's error in determining that plaintiff's past work as a sewing machine operator—plaintiffs only other job apart from that as a rice farmer—constituted SGA.[9] (*See* AR at 93–95). Yet, in the instant decision, the ALJ made a substantively similar error in his determination that plaintiff's past work as a rice farmer

9. Specifically, the AC found that plaintiff's earnings as a sewing machine operator fell below the level of SGA and, thus, the job could not be considered past relevant work. (*See* AR at 94).

was SGA. (*See id.* at 20). Indeed, given the AC'S remand order, the ALJ should have been particularly careful in his analysis of whether plaintiff's past work as a rice farmer constituted SGA. Instead, on remand, the ALJ failed to adequately consider whether plaintiff's past work was SGA and provided only a conclusory statement that plaintiff's work as a rice farmer constituted past relevant work. (*See id.* at 20–21).

Where, as here, it is clear from the record that the ALJ reached a conclusion first and then attempted to justify it by ignoring competent evidence, *see Varney,* 859 F.2d at 1398, the court sees no need to return the case to the Commissioner to make another determination as to whether plaintiff's past work as a rice farmer constituted past relevant work. "Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *Benecke,* 379 F.3d at 595. Plaintiff has already waited nearly seven years from the filing date of her SSI application for a disability determination. (*See* AR at 15 & 98); *see also Benecke,* 379 F.3d at 595 ("Remanding a disability claim for further proceedings can delay much needed income for claimants who are unable to work and are entitled to benefits, often subjecting them to tremendous financial difficulties while awaiting the outcome of their appeals and proceedings on remand.") (internal quotation marks and citation omitted). In short, a remand for the payment of benefits is warranted regardless of whether the ALJ might have (on remand) investigated vocational data regarding plaintiff's past work in Vietnam and articulated a valid basis for concluding that plaintiff's past work did constitute SGA based upon a comparison to other workers making a livelihood by performing similar work in plaintiff's community. *See Varney,* 859 F.2d at 1399 ("Certainly there may exist valid grounds on which to discredit a claimant's pain testimony[.] ... But if grounds for such a finding exist, it is both reasonable and desirable to require the ALJ to articulate them *in the original decision.*") (emphasis added).[10]

Based on the foregoing, IT IS ORDERED THAT Judgment shall be entered **reversing** the decision of the Commissioner denying benefits and **remanding** this matter to the Commissioner for the awarding of benefits.

---

10. In fight of the court's decision to award benefits, it is not necessary to reach plaintiff's remaining contentions. (*See* Joint Stip. at 12–34 & 40–42).