**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| SCOTT  R. KING, | No. 11-55650 |
| Plaintiff-Appellant, | D.C. No. 3:09-CV-02420-MMA-POR |
| v. | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM[*] |
| Defendant-Appellee. | |

On Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted November 8, 2012[**]
Pasadena, California

Before: GOODWIN and O'SCANNLAIN, Circuit Judges, and ZOUHARY, District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jack Zouhary, District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

Plaintiff-Appellant Scott King's Supplemental Security Income ("SSI") was reduced by a final decision of Defendant-Appellee Michael Astrue, Commissioner of Social Security, after an Administrative Law Judge ("ALJ") determined Plaintiff's receipt of charitable trust payments constitutes income for purposes of SSI eligibility, and not a *bona fide* loan under SSR 92-8p. The district court affirmed that decision, from which Plaintiff appeals. We have jurisdiction under 28 U.S.C. § 1291, review the ALJ's decision for substantial evidence, *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995), and now affirm.

Determinating that a loan did not exist, the ALJ relied, in part, on Plaintiff's failure to produce the written loan agreement. Plaintiff contends, however, that he submitted the loan's promissory notes to the Social Security Appeals Council as attachments to his letter requesting review of the ALJ's decision. Plaintiff argues we may consider the promissory notes, even though they were not submitted to the ALJ, because under *Ramirez v. Shalala*, 8 F.3d 1449 (9th Cir. 1993), they were "addressed" by the Appeals Council when it denied Plaintiff's request for review.

In *Brewes v. Comm'r of Soc. Sec.*, 682 F.3d 1157, 1163 (9th Cir. 2012), this Court held that "when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the

2

administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." But the only evidence suggesting the Appeals Council considered the putative promissory notes is a document in which the Appeals Council acknowledged receipt of a "[l]etter requesting review of the [ALJ's] decision with attachments dated, June 12, 2007." The record before this Court does not contain the promissory notes; it only contains Plaintiff's letter requesting review. We are unable to discern whether the Appeals Council actually had, let alone considered, the promissory notes within the meaning of *Brewes*. We are unable to review the promissory notes, and therefore, the notes cannot provide a basis for finding the ALJ's decision was unsupported by substantial evidence.

Plaintiff contends that, even without the promissory notes, the record contains sufficient evidence to demonstrate the existence of a loan. Plaintiff's argument, however, misapplies the standard of review. Our inquiry is limited to a determination of whether the ALJ's decision is supported by substantial evidence. *Flaten*, 44 F.3d at 1457. Indeed, even "[w]here the evidence as a whole can support either outcome, we may not substitute our judgement for the ALJ's." *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985); *accord Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).

Here, the ALJ considered all evidence bearing on the alleged loan, including trust documents that characterized the payments as a loan, and bank statements showing that Plaintiff—not the trust—directly paid his creditors. Additionally, the ALJ's opinion explicitly referenced testimony from the Trustee and from Plaintiff's attorney as to the existence of a written loan agreement. The ALJ found it persuasive that the written agreement was not produced, and that there was no evidence regarding the agreement's terms. As the district court correctly stated:

> [i]t was not error for the ALJ to consider the lack of substantiating loan documentation when reaching his decision. Nor was it incumbent upon the ALJ to request such documentation specifically, when the burden of proof lies with [Plaintiff], and the Administration had given Plaintiff prior notice that such documentation should be submitted in order to establish the existence of a *bona fide* loan.

Plaintiff's reliance on *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396 (9th Cir. 1988), does not change this analysis. Plaintiff argues that under *Varney*, courts are bound to accept as true any material testimony that the ALJ does not specifically discredit. As such, Plaintiff contends we must accept the Trustee's testimony regarding the existence of a written loan agreement because the ALJ did not reference the Trustee's testimony in his decision. As explained above, the ALJ did explicitly reference this testimony. Moreover, the credit-as-true rule adopted in

4

*Varney* governs an ALJ's responsibilities when addressing a claimant's subjective pain testimony. *Id.* at 1398. *Varney* is simply inapplicable in this case.

The ALJ properly considered all the evidence under SSR 92-8p's guidelines for determining the existence of a loan, and his subsequent conclusion is supported by more than a scintilla of evidence. *See Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997).

**AFFIRMED**.