**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| SHARON K. BURT,<br><br>            Plaintiff - Appellant,<br><br>    v.<br><br>CAROLYN W. COLVIN, Commissioner<br>of Social Security Administration,<br><br>            Defendant - Appellee. | No. 14-35618<br><br>D.C. No. 4:13-cv-00031-HRH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
H. Russel Holland, Senior District Judge, Presiding

Submitted May 14, 2015[**]
Anchorage, Alaska

Before: CANBY, BYBEE, and WATFORD, Circuit Judges.

    Sharon Burt appeals from the district court's order reversing and remanding

for further proceedings the final decision of the Commissioner of Social Security,

concluding that Burt was not entitled to Disability Insurance Benefits under Title II

---

    [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of the Social Security Act, 42 U.S.C. §§ 401-434.  Although Burt prevailed before

the district court, she may appeal the decision because it did not grant the full

measure of relief she sought, which was an order remanding for an award of

disability benefits.  *Treichler v. Comm'r, Soc. Sec. Admin.*, 775 F.3d 1090, 1098

(9th Cir. 2014).

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the

district court's decision to affirm in part, reverse in part, and remand to the

Commissioner.  *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000).  We review

for an abuse of discretion, however, the district court's decision to remand for

further proceedings rather than for an immediate award of benefits.  *Id.* at 1173.

We affirm the order of the district court.

## I

As the district court properly held, the ALJ erred in failing to identify

specific and legitimate reasons for giving no probative weight to the opinion of Dr.

Jil Diane Bottrell, Ph.D., an examining psychologist.  *Valentine v. Comm'r, Soc.

Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009); *Ukolov v. Barnhart*, 420 F.3d

1002, 1005-06 (9th Cir. 2005).  She opined that Burt had symptoms of depression,

anxiety, anger and other mental limitations.  Contrary to the ALJ's conclusion, Dr.

Bottrell's opinion was not based solely on Burt's self report, but relied as well on

Dr. Bottrell's own examination, observation, and testing. Additionally, Dr. Bottrell's opinion was supported by the later opinion of Dr. Clifford Crafton, M.D., Ph.D., who also diagnosed Burt with several mental limitations and whose opinion was before the Appeals Council. Like those of Dr. Bottrell, Dr. Crafton's diagnoses were based on his own observations and mental status examination. The ALJ's error was not harmless because Dr. Bottrell's opinion could have formed the basis of a disability determination. *Treichler*, 775 F.3d at 1099.

With regard to the remaining findings of the ALJ, the district court properly found no error. Contrary to Burt's contention, the ALJ did not fail to take into account Burt's alleged right-eye blindness when making the disability assessment. The evidence did not show that Burt's visual impairments caused functional limitations or prevented her from performing her past relevant work. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

The ALJ also did not err in finding Burt's own statements about her physical and mental impairments and limitations not credible because the ALJ provided specific, clear, and convincing reasons for rejecting Burt's testimony. *Id.* at 1281; *see also Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) (the ALJ must "specifically identify the testimony [from a claimant] she or he finds not to be credible and . . . explain what evidence undermines the testimony"). First, the ALJ

3

found that Burt's statements were not credible in light of the conservative nature of her treatment history and her non-compliance with the treatment prescriptions. *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir.1995)); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) ("The ALJ may consider . . . in weighing a claimant's credibility . . . unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment[.]" (internal quotation marks omitted)). Second, the ALJ properly discredited Burt's testimony about her mental and physical impairments because they were inconsistent with her own testimony and her reported daily activities. *Smolen*, 80 F.3d at 1284. And third, the ALJ properly discredited Burt's testimony because it was contradicted by the medical record. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").

## II

The district court found that "remand for further proceedings is appropriate so the ALJ can consider what impact [Burt's] mental impairments and the limitations flowing from them have on her ability 'to engage in any substantial gainful activity . . . .'" The "ordinary remand rule," *Gonzales v. Thomas*, 547 U.S. 183, 185 (2006) (internal quotation marks omitted), applies "equally to Social Security cases," *Treichler*, 775 F.3d at 1099. Under this rule, this Court will remand for an award of benefits (rather than for further proceedings) only in "rare circumstances, where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed." *Id.* at 1100 (internal citations and quotation marks omitted). "Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Id.* at 1101.

In her Reply Brief, Burt concedes that she cannot demonstrate that a remand for an award of benefits is appropriate here. Indeed, there are many factual conflicts in the record. The ALJ erred in rejecting Dr. Bottrell's opinion about Burt's mental impairments; had the ALJ properly credited that opinion, there would be significant conflicts among the testimony and opinions of the several medical experts. The record raises crucial questions about the extent of Burt's

5

mental impairments and her ability to perform her past relevant work in light of those limitations. These factual discrepancies are "exactly the sort of issues that should be remanded to the agency for further proceedings." *Id.* at 1105. This is not a case where there are "no outstanding issues that must be resolved before a proper disability determination can be made, and where it is clear from the administrative record that the ALJ would be required to award benefits if the claimant's . . . testimony were credited." *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1401 (9th Cir. 1988). Accordingly, the district court did not abuse its discretion in remanding for further proceedings.

**AFFIRMED.**