NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 28 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LORI WERLEIN,

        Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

        Defendant-Appellee.

No. 16-15359

D.C. No. 1:14-cv-01383-JLT

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, Magistrate Judge, Presiding

Submitted February 15, 2018[**]
Pasadena, California

Before: THOMAS, Chief Judge, and REINHARDT and FISHER, Circuit Judges.

Lori Werlein appeals from the district court's judgment affirming the denial

of her application for disability insurance benefits. The administrative law judge

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("ALJ") found that Werlein was not disabled because she had the residual functional capacity ("RFC") to perform her past relevant work as a security guard. We review the district court's decision *de novo* and will uphold the Social Security Administration's disability determination "unless it contains legal error or is not supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

1. We conclude that the ALJ erred by failing to explain why he rejected critical aspects of Werlein's subjective symptom testimony. "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, . . . medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (internal quotation marks and citation omitted). To find a claimant's subjective symptom testimony unreliable, the ALJ is "required to make 'a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002)). If, as in this case, there is no evidence of malingering, the ALJ may "reject the

claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* at 1039 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). "This is not an easy requirement to meet: 'The clear and convincing standard is the most demanding required in Social Security cases.'" *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Here, the ALJ did not provide sufficiently specific, clear, or convincing reasons—let alone any reasons—for rejecting Werlein's subjective symptom testimony regarding missed work. Werlein testified that she is limited in her ability to work because she "can't think at all," has "trouble focusing," suffers from knee pain, "barely sleep[s]" and has thyroid problems. In response to her counsel's question regarding absenteeism, "whether it was for physical or mental health problems," Werlein testified that she would miss on average 8 to 10 days of work per month. In the context of that questioning, she discussed her depression and also the fact that her thyroid medication interferes with her ability to sleep. Her testimony made it clear that her absenteeism related to a combination of physical and mental health problems, not just her mental health problems as the Government suggests.

The ALJ concluded that Werlein suffers from a combination of the following impairments: obesity, Graves' disease, and mood disorder with a history of drug/alcohol addiction. The ALJ noted that Werlein's "medically determinable impairments could reasonably be expected to cause some [of] the alleged symptoms." However, the ALJ then broadly asserted that Werlein's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible . . . . In particular, some of the alleged symptoms and limitations are inconsistent with medical findings and opinions . . . and this detracts from the credibility of her allegations." Although he rejected Werlein's testimony in large part, he did "accord some weight to the claimant's statements regarding her ability to see, sit, stand and walk." However, the ALJ never explained why he rejected some parts of Werlein's testimony and not others. Critically here, the ALJ never addressed her testimony that she would miss 8 to 10 days of work per month due to a combination of mental health and physical problems. He also never addressed her testimony that her thyroid medication causes sleeplessness, which interferes with her ability to go to work, even though he concluded that her thyroid problem is controlled by medication. In fact, he acknowledged that Werlein "alleged [that her] thyroid medication caused problems with her ability to sleep." This was error:

"General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal quotation marks and citations omitted).

2. The ALJ's error was not harmless. "An error is harmless only if it is inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (internal quotation marks and citations omitted). At the hearing, the Vocational Expert ("VE") was asked: "Assuming that the claimant's testimony is credible and that she missed approximately eight days per month in her previous employment, . . . with that attendance would that preclude any work in the national economy." The VE responded, "[t]hat *definitely would*." Although the ALJ cited to medical evidence undermining Werlein's alleged "inability to focus and think," including her reports that she was taking medication and was in a "happier mood," we cannot reasonably discern from the record that Werlein's absenteeism resulted only from mental impairments or poor concentration in particular. For instance, Werlein also testified that her knees and lack of sleep caused by her thyroid medication limited her ability to work. In other words, the

ALJ's failure to address Werlein's missed-work testimony was anything but inconsequential.

Because the ALJ's decision is based on prejudicial legal error, we reverse.

3. We also conclude that remand for an award of benefits is appropriate in this case. Under our settled "credit-as-true" rule, we remand to calculate and award benefits when "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose, (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020.

As to the first factor, the record in this case is extensive, including hundreds of pages of medical reports, Werlein's testimony at the hearing before the ALJ, and assessments of her capacity to work by multiple consultants. A review of the record reveals that Werlein consistently reported her impaired sleep to multiple doctors, including the prescribing doctor for her thyroid medication, and that no doctor contradicted that side effect. In addition, the vocational expert testified directly as to whether an individual with Werlein's alleged limitation of missing 8 to 10 days

of work per month would be able to do any work. In light of this extensive record, additional evidence would not be enlightening. Remand for "the purpose of allowing the ALJ to have a mulligan" would not be a "useful purpose" for granting additional administrative proceedings. *Id.* at 1022.

As to the second factor, we have already discussed the ALJ's failure to provide legally sufficient reasons for discrediting Werlein's symptom testimony that she would miss 8 to 10 days of work per month.

As to the third factor, if the improperly discredited testimony were credited as true, it is clear that the ALJ would be required to find Werlein disabled. The VE's testimony at the hearing on this issue is clear, unopposed, and uncontradicted: a limitation of missing 8 to 10 work days per month would "definitely" preclude employment. Such a finding by the VE is a sufficient basis upon which to remand for determination of benefits. Thus, if credited as true, Werlein's testimony regarding absenteeism would require the ALJ to conclude that she was in fact disabled.

Finally, we exercise our discretion to grant benefits under the credit-as-true rule because this case is not one in which "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Id.* at 1021. The credit-

as-true rule "helps to ensure that [subjective symptom] testimony will be carefully assessed and its importance recognized" in the initial proceeding. *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988). "Delaying the payment of benefits by requiring multiple administrative proceedings that are duplicative and unnecessary only serves to cause the applicant further damage—financial, medical, and emotional." *Id.* Remand in this case is consistent with these values and appropriate under the credit-as-true rule. Accordingly, we remand to the district court with instructions to remand to the ALJ for a calculation and award of appropriate benefits.

**REVERSED and REMANDED**