NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 5 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STEVE W. CARGILL,

Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

Defendant-Appellee.

No.    17-17170

D.C. No. 2:16-cv-00949-KJN

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Kendall J. Newman, Magistrate Judge, Presiding

Argued and Submitted January 18, 2019
San Francisco, California

Before:  WALLACE, CLIFTON, and FRIEDLAND, Circuit Judges.

Steve Cargill ("Cargill") appeals from the district court's order affirming the

denial by an administrative law judge ("ALJ") of his application for Social

Security disability benefits.  We reverse and remand for further proceedings.

First, the ALJ committed legal error in determining whether Cargill met

Listings 1.02A or 1.03.  *See* 20 C.F.R., pt. 404, subpt. P, app. 1, §§ 1.02A, 1.03

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

(2018).  Both listings require that the claimant demonstrate an inability to ambulate effectively, which the regulations define as an impairment that "interferes very seriously with [his] ability to independently initiate, sustain, or complete activities."  *Id.* at § 1.00(B)(2)(b)(1).  One example of the inability to ambulate effectively is the "inability to walk without the use of a walker, two crutches or two canes," although the use of only *one* cane or crutch does not "automatically exclude all gainful activity."  Revised Medical Criteria for Determination of Disability, Musculoskeletal System and Related Criteria, 66 Fed. Reg. 58,010, 58,013 (Nov. 19, 2001).

The ALJ's complete treatment of Listings 1.02A and 1.03 was two sentences: "The claimant's right ankle injury has not resulted in an [in]ability to ambulate effectively as required by listings 1.02 and 1.03.  The claimant requires only a single point cane."  Under the regulations, that was error because Cargill's use of one cane could not independently disqualify him from meeting a listing.  *Id.* ("[I]f someone who uses one cane or crutch is otherwise unable to effectively ambulate, the impairment(s) might still meet or equal a listing").

Having therefore disregarded the reference to Cargill's use of a single-point cane as legally insufficient, all that we are left with of the ALJ's analysis on this point is one sentence concluding that the injury "has not resulted in an [in]ability to ambulate effectively."  Our case law requires more.  "A boilerplate finding is

2

insufficient to support a conclusion that a claimant's impairment does not [meet a listed impairment]." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). Although the dissent may be correct that the ALJ's inference was reasonable, we are unable to so conclude based on a single, conclusory statement. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("[W]e still demand that the agency set forth the reasoning behind its decisions in a way that allows for meaningful review."); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("[W]e cannot substitute our conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions. Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." (citation omitted)).

Second, the ALJ improperly discounted the opinion of Dr. George Lin in crafting Cargill's residual functional capacity ("RFC") at steps four and five.[1] "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir.

---

[1] Dr. Paul Sandhu appeared to vacillate in his opinion on whether Cargill required a cane at all times or only when walking for long periods or on uneven terrain. In light of these internal inconsistencies, we conclude that the ALJ did not omit from the RFC any limitations that were clearly communicated in Dr. Sandhu's opinion.

2001). When faced with physicians' contradicting opinions, the ALJ must give specific and legitimate reasons supported by substantial record evidence to reject a treating or examining physician's opinion. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).

Here, the ALJ gave "great weight to [treating physician] Dr. Lin's opinion that the claimant could stand/walk two hours in an eight-hour workday" but "little weight to Dr. Lin's opinion regarding the claimant's nonexertional capabilities, including the claimant's need to take a break every hour." In doing so, the ALJ did not expressly explain why he was discounting Dr. Lin's conclusions that Cargill could only sit for four hours and would need to elevate his legs for 20% of the day. The Social Security Administration ("Agency") argues that the ALJ did provide a specific and legitimate reason for dismissing Dr. Lin's conclusions: the ALJ noted that Dr. Lin's treatment records and prescribed medications demonstrated a lack of awareness that Cargill consumed alcohol, which was documented in other physicians' records. Even if the Agency is correct that such a reason could logically support the ALJ's dismissal of Dr. Lin's *non-exertional* findings, a treating physician's lack of awareness that the patient consumes alcohol is not a logical basis to conclude that the physician's assessment of the patient's physical

4

functioning is also suspect.[2]

Given that our "precedents have been cautious about when harmless error should be found" so as not to "substitute our own discretion for that of the agency," we cannot conclude that the errors here were harmless.[3] *See Brown-*

---

[2] The dissent offers two additional arguments for discounting Dr. Lin's opinion: (1) that Dr. Lin's practice group relied on each other's opinions without independent examination, and (2) that other physicians who reviewed the record as a whole gave conclusions more consistent with the record. But neither serves as a specific and legitimate reason for discounting Dr. Lin's opinion that Cargill could sit for four hours.

As to the dissent's first basis, the ALJ may have fairly discounted the opinions of Dr. Lin's *colleagues* because they did not seem to make independent examinations of Cargill's ankle. But that was not a reason to dismiss the findings of Dr. Lin, a physician who had examined Cargill on six occasions. Addressing the dissent's second basis, the ALJ gave great weight to one physician who contradicted Dr. Lin, Dr. Talcherkar, because of Dr. Talcherkar's familiarity with the disability program and because the ALJ concluded that his opinions were based on and more consistent with the whole record. But Dr. Talcherkar did not examine Cargill—accordingly, the ALJ was still required to give specific, legitimate reasons for discounting Dr. Lin's opinion *beyond* Dr. Talcherkar's opinion. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) ("Where . . . a nontreating source's opinion contradicts that of the treating physician but is not based on independent clinical findings . . . the opinion of the treating physician may be rejected only if the ALJ gives specific, legitimate reasons for doing so that are based on substantial evidence in the record."). The ALJ did not do so.

The ALJ's assignment of "great weight' to Dr. Talcherkar's opinion raises additional concerns. The ALJ adopted Dr. Talcherkar's conclusion that Cargill could sit for six hours per day but, without explanation, did not adopt Dr. Talcherkar's other opinions. Those rejected opinions of Dr. Talcherkar directly contradict the findings of Dr. Sandhu, Dr. Lin, Dr. Kisilewicz, and Dr. Mehta, calling into question whether Dr. Talcherkar's opinions should have received any weight at all.

[3] Cargill also alleges that the ALJ erred by failing to meaningfully consider the limitations posed by his sleep impairment in crafting the RFC. It is true that the ALJ did not expound on Cargill's insomnia at step five after dismissing it as a

5

*Hunter*, 806 F.3d at 492 (first quoting *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th

Cir. 2015)).

Even though we hold that the ALJ erred in discounting Dr. Lin's opinion, we

do not believe that "it is clear from the administrative record that the ALJ would be

required to award benefits" if the opinion was credited as true, so we decline

Cargill's request that we remand for an award of benefits. *See Garrison v. Colvin*,

759 F.3d 995, 1019 (9th Cir. 2014) (quoting *Varney v. Sec'y of Health & Human

Servs.*, 859 F.2d 1396, 1401 (9th Cir. 1988)).

**REVERSED** and **REMANDED** for further proceedings consistent with this

opinion.

---

non-severe impairment at step two, even though step five requires the Agency to "consider all of [the claimant's] medically determinable impairments of which [the Agency is] aware, including [the claimant's] medically determinable impairments that are not 'severe.'" 20 C.F.R. § 404.1545(a)(2). But there was ample evidence in the record that could have provided alternative explanations for Cargill's daytime drowsiness, including his alcohol use and the side effects of his prescribed medications. Because Cargill's arguments have failed to clearly advance a theory as to why a more thorough exploration of his insomnia at step five would have affected the ultimate disability determination, we hold that any error in failing to fully account for his insomnia at step five was harmless.

6

*Cargill v. Berryhill*, No. 17-17170

FILED

MAR 5 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WALLACE, Circuit Judge, dissenting:

I respectfully dissent from the majority's decision to reverse and remand. We apply a deferential "substantial evidence" standard of review to an ALJ's disability decision, and we begin with a presumption of regularity. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214-15 & n.1 (9th Cir. 2005). Under that standard, it is not our role to reverse if we would have decided the case differently, but only to discern if the record supports the ALJ's decision as "one rational interpretation" of the evidence. *Id.* at 1214 n.1. Because I conclude that the record rationally supports the ALJ's findings, I would affirm the district court.

The majority identifies two errors that it concludes constitute error on the part of the ALJ. However, neither of these are reversible.

First, the majority holds that the ALJ committed legal error by denying Cargill's claim at step three because he only uses one cane. I agree with the majority's view of the law and that it would be error for the ALJ to deny Cargill's claim on that basis. However, the ALJ's opinion does not compel that conclusion. An equally reasonable inference would be that the ALJ concluded that Cargill could ambulate effectively, and included the fact about the single point cane as mere support for that conclusion. For instance, the ALJ's conclusions as to other listings are similarly conclusory.

1

The majority disagrees, but not because it thinks the ALJ's written opinion compels the conclusion that it applied the wrong legal standard to Cargill's claim. Instead, the majority concludes that the ALJ was required to say more than the "injury has not resulted in an [in]ability to ambulate effectively." But what more is there to say? Under the relevant Listings, there is no per se disability at step three when the claimant can ambulate effectively, so this finding alone was sufficient to foreclose Cargill's claim. It is thus not true that the ALJ's step three decision was "a single conclusory statement," as the majority suggests. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). Instead, the ALJ found, and substantial evidence in the record supports, that Cargill could ambulate effectively. That was enough.

Second, the majority holds that the ALJ failed to give specific and legitimate reasons for discounting Dr. Lin's opinion. Once more, I agree that this is the correct legal standard. But the majority gives too little weight to the ALJ's stated reasons for discounting Dr. Lin's opinion, which were not only that Dr. Lin was unaware of Cargill's alcohol abuse, but also that Dr. Lin's practice group relied on each other's opinions without independent examination, the practice group did not have the opportunity to review all of the treatment records, and the ALJ was giving greater weight to other physicians who reviewed the record as a whole and gave conclusions consistent with the record. I would hold that these four reasons

2

together were specific and legitimate reasons not to follow Dr. Lin's recommendations.

The majority responds that alcohol abuse is not "a logical basis" to conclude that Dr. Lin's assessment was suspect. Why not? This deficit suggests that Dr. Lin lacked key information about his patient, which may have adversely affected his ability to draw inferences about Cargill's ability to sit during a workday, among other things. Furthermore, Dr. Lin's lack of awareness about Cargill's alcohol abuse cannot be considered in a vacuum. Other evidence in the record suggested that Cargill could sit for longer than Dr. Lin's recommendation; for instance, Cargill sat comfortably during Dr. Hoenig's observation, Cargill shopped for groceries in a seated position, Cargill drove himself to work, stores, and doctor's appointments, and Dr. Talcherkar opined that Cargill could sit for 6 hours. The ALJ explained all of this in its opinion, and therefore gave "specific, legitimate reasons . . . based on substantial evidence" for following Dr. Talcherkar's recommendation over Dr. Lin's. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

While the majority does not explain why Dr. Lin's lack of awareness was not a logical basis for discounting his opinion, nor why there is not substantial evidence in the record to support the ALJ's prolonged sitting RFC, the majority does say that it faults the ALJ for crediting Dr. Talcherkar's opinion because

3

certain other of Dr. Talcherkar's assessments were contradicted. However, this argument misstates our role on appeal. *Falsus in uno, falsus in omnibus* may be a reason that a *fact-finder* like the ALJ could have rejected Dr. Talcherkar's recommendation, but it does not allows us to reweigh the evidence or wholesale disregard a doctor's opinion. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record"). As explained above, there was independent substantial evidence in the record supporting Dr. Talcherkar's assessment of Cargill's ability to sit, so this opinion too supported the ALJ's assessment of Cargill's ability to sit during the work-day. Combining Dr. Lin's lack of awareness of Cargill's alcohol abuse with Dr. Talcherkar's contrary opinion, and discounting the opinions of Dr. Lin's colleagues for the reasons given by the ALJ, this record supports the ALJ's finding that Cargill could sit for six hours in a work-day. The ALJ thus did not err by discounting Dr. Lin's contrary recommendation.

For these reasons, I would affirm.